EDWARD WASHINGTON, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In an action to recover damages for personal injuries, defendant appeals: (1) from a judgment of the Supreme Court, Nassau County, entered March 14, 1960, after trial, on a jury's verdict of $35,000 in favor of plaintiff; and (2) from an order of the same court, dated April 18, 1960, denying defendant's motion to set aside the verdict and for the direction of judgment in its favor or for a new trial, pursuant to sections 457-a and 549 of the Civil Practice Act. Plaintiff was struck by defendant's train after he had fallen to the tracks from the passenger platform at one of its stations. The trial court submitted the case to the jury under the doctrine of the last clear chance, holding as a matter of law that plaintiff had been guilty of contributory negligence. Judgment and order reversed on the law and the facts, and a new trial ordered, with costs to abide the event. In our opinion, the trial court committed prejudicial error by its refusal to charge, at defendant's request, that the last clear chance doctrine would not apply if the jury found that plaintiff's negligence continued up to the time of the impact and was concurrent with any negligence on the part of the defendant. The request was a substantially accurate statement of the applicable rule (*Panarese* v. *Union Ry. Co.*, 261 N. Y. 233); and the learned trial court should not have held, as a matter of law, that plaintiff's negligence was complete before the accident occurred. On the record presented, that question was one of fact for determination by the jury (cf. *Nelson* v. *Nygren*, 259 N. Y. 71, 76). We are also of the opinion that defendant was unduly restricted in its efforts to show the results of experiments as to the distances in which a similar train, under conditions similar to those prevailing at the time of the accident, could be stopped. If the test conditions were similar, the evidence was admissible. A variation in circumstances affects the weight of the testimony but is not a basis for its exclusion (cf. *Thomas* v. *Central Greyhound Lines*, 6 A D 2d 649, 654). We have examined the other claims of error advanced by defendant and have concluded that reversal would not be required on any of such other claims. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

## (April 25, 1961)

ALICE GORDON, Respondent, v. JAMES GORDON, Appellant.— Motion by respondent to dismiss appeal denied, on condition that appellant perfect the appeal and be ready to argue or submit it on May 5, 1961; appeal ordered on the calendar for said day. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

In the Matter of PAUL MADDAUS, Appellant, v. ABRAHAM BLOCH, Individually and as Chief Magistrate of the City of New York, et al., Respondents. — Motion by appellant for a stay of all further proceedings, pending appeal, denied. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.