■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JACKSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Rigler, J.), rendered November 17, 1982, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The degree of permissible police action is directly proportionate to the degree of objectively credible information possessed by the police (*People v Scruggs,* 90 AD2d 520). The common-law right to inquire is activated by a founded suspicion that criminal activity is afoot and entitles a police officer to attempt to obtain explanatory information, by reasonable means not rising to the level of an actual seizure (*People v Cantor,* 36 NY2d 106, 114; *People v Rosemond,* 26 NY2d 101; *People v Rivera,* 14 NY2d 441, 446, *cert denied* 379 US 978). In the instant case, the arresting officer saw defendant leaving the exact location at which a dispute with a firearm had been reported. It was reasonable for the officer to assume that defendant might have witnessed the dispute or that he might be able to provide some pertinent information. Having requested defendant to stop with this purpose in mind, the officer saw the outline of a gun in defendant's right front pocket as he approached him.

The yardstick by which the propriety of a stop and frisk is to be measured is set forth as follows: "A frisk requires reliable knowledge of facts providing a reasonable basis for suspecting that the individual to be subjected to that intrusion is armed and may be dangerous" (*People v Russ,* 61 NY2d 693, 695). At bar, the arresting officer, after observing the outline of a gun in defendant's right front trouser pocket, possessed a reasonable basis for suspecting that the defendant was armed and dangerous (*People v Prochilo,* 41 NY2d 759, 761). Moreover, based upon the record, it cannot be said that the suppression court erred in crediting the arresting officer's testimony. It should be noted that "much weight must be accorded the determination of the suppression court" (*People v Prochilo, supra,* p 761).

The defendant further contends that Criminal Term erred in accepting his plea of guilty by failing to inquire into the factual circumstances upon which the crime charged was predicated. The defendant did not raise his objections to the adequacy of the plea allocution to the court of first instance and thus failed as a matter of law to preserve his claim for appellate review (*see, People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997). Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.