■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIGOBERTO HENRIQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered June 4, 1985, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings

up for review the denial, after a hearing (Calabretta, J.), of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements he made to the police.

Ordered that the judgment is affirmed.

Officer Harold Robinson, the sole witness at a suppression hearing conducted pursuant to those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement, testified that on April 21, 1984, at approximately 7:00 P.M., he and his partner observed the defendant for a period of about five minutes walking back and forth on the corner of Junction Boulevard and Roosevelt Avenue in Queens, an area the officer characterized as a "drug-prone location". The defendant was standing by himself and looking around as if he was waiting for someone. It was a windy day and the defendant's jacket blew open. He pulled the jacket closed and then reached inside it. While the jacket was open, the officer observed a bulge in the defendant's pocket, which he thought was the outline of a weapon.

Officer Robinson and his partner approached the defendant, who turned and started to walk away when he saw them. Robinson stopped the defendant and attempted to frisk him, but the defendant grabbed the officer's hand and held it. Officer Robinson then reached inside the defendant's jacket thinking he had a gun, and found a bag of cocaine. The defendant was arrested, received and waived his *Miranda* rights, and made a statement to the police.

The hearing court credited the police officer's testimony. Upon appeal, much weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses (see, *People v Prochilo*, 41 NY2d 759, 761).

Under the totality of the circumstances, the officer was justified in approaching the defendant to stop and frisk him (see, CPL 140.50; *People v Prochilo, supra*). Moreover, when the defendant grabbed the officer's hand, the officer's reasonable suspicion of criminal activity was raised to the level of probable cause to arrest (see, CPL 140.10; *People v De Bour*, 40 NY2d 210, 223), and the physical evidence was properly seized.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.