■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE TRULIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered March 23, 1983, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a loaded firearm and certain statements made by him to the police after his arrest.

Ordered that the judgment is affirmed.

Upon responding to a radio assignment directing them to report to 740 Euclid Avenue on an unrelated matter, the police observed the defendant and a companion seated on a park bench outside the premises. The defendant, who had both hands in the pocket of a waist-length jacket, appeared nervous and avoided eye contact with the officers even when his companion approached the radio car and engaged in a

brief conversation. One of the officers became suspicious upon observing a bulge in the defendant's right-hand jacket pocket and "a pointy spot" at the bottom thereof. Rather than depart the scene, the officers made a U-turn in the police vehicle and slowly reapproached the defendant and his companion from the right-hand side. From that vantage point, the officers had a clear view of the point and top outline of a gun in the defendant's pocket. The officer, who was admittedly nervous upon approaching the defendant for fear of what the latter might do, patted the defendant's pocket with his right hand and then, after making a brief inquiry of the defendant, proceeded to remove the gun with his left hand. The defendant was arrested and transported to the station house where he was advised of his rights.

It is well settled that the degree of permissible police action is directly proportionate to the degree of objectively credible information possessed by them (People v Scruggs, 90 AD2d 520). Moreover, "various intensities of police action are justifiable as the precipitating and attendant factors increase in weight and competence" (People v De Bour, 40 NY2d 210, 223). In the instant case, the police, after observing the outline of a gun in the defendant's jacket pocket, possessed a reasonable basis for suspecting that he was armed and dangerous (see, People v Prochilo, 41 NY2d 759, 761; People v Jackson, 111 AD2d 831, 832). Clearly, the police are empowered to observe circumstances at the scene and, if necessary, to take due precautions for their own safety (People v Benjamin, 51 NY2d 267, 270). Moreover, the determination of the hearing court, which had the opportunity to assess the demeanor of the witness and to weigh his testimony first hand, is entitled to great weight (People v Overton, 123 AD2d 403, lv denied 68 NY2d 1003; People v Jackson, supra). On this record, it cannot be said that the suppression court erred in crediting the officer's testimony.

The defendant has failed to sustain his burden of establishing that the subject statements were causally related to any illegal police conduct (see, People v Arnau, 58 NY2d 27, 32, cert denied 468 US 1217). Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.