■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANCE MARINER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Matthews, J.), rendered June 2, 1987, convicting her of criminal possession of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial (Posner, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At a Mapp hearing, the testimony established that at approximately 7:35 on the evening of September 20, 1985, Police Officer Markart was assigned to an observation van in what he described as a "drug-prone location" in Queens. Through

his binoculars, at a distance of some 40 feet, he observed at least three transactions in which a male accepted cash from a passerby, conveyed the money to the defendant who was sitting on a nearby milk crate, received a "white packet" from the defendant, and delivered the packet to the customer. Officer Markart radioed this information to Detective Lennihan, who arrested the defendant. The hearing court found that there was probable cause for the defendant's arrest, and consequently, the drugs recovered from the defendant were found to be admissible into evidence.

On appeal, the defendant contends that the hearing court's viewing of an exchange of glassine envelope-sized slips of paper at a distance of 40 feet through Officer Markart's binoculars constituted a prejudicial in-court experiment which deprived her of due process. We disagree.

Demonstrative evidence is admissible, in the court's discretion, provided that the conditions under which the experiment are conducted are similar to those existing at the time of the incident at issue. A variation in circumstances affects the weight of the evidence, but is not a basis for its exclusion (see, Washington v Long Is. R. R. Co., 13 AD2d 710). Since defense counsel "emphatically highlighted the variations" between the experiment and the original transaction, he minimized the significance to be attached to the reconstruction (Norfleet v New York City Tr. Auth., 124 AD2d 715, 717, lv denied 69 NY2d 605). The demonstration in the instant case was therefore proper, and the hearing court arrived at its determination with a full awareness of any variations in viewing conditions.

We find no merit to the defendant's further contention that the police lacked probable cause for her arrest because Officer Markart was unclear as to whether the small packets he had seen changing hands were opaque white envelopes or transparent glassine envelopes filled with white powder. Officer Markart, a trained and experienced narcotics officer, observed a pattern of exchanges of small white packets for cash within a short space of time in a neighborhood known for drug sales. The combination of these elements "negates all but the most implausible explanations for the transaction[s], and thus conveys more than sufficient indicia of a drug sale to warrant an arrest" (People v McRay, 51 NY2d 594, 604). Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.