■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HOPPER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered September 13, 1988, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of a guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in declining to suppress the gun which the police recovered during a stop and frisk. We disagree.

A police officer is authorized to stop and detain a person if the officer entertains a reasonable suspicion that the person is engaged in criminal activity, and to frisk the person if the officer reasonably suspects a danger of physical injury or that the person is armed and dangerous (see, CPL 140.50 [1], [3]; *People v De Bour,* 40 NY2d 210; *People v Marine,* 142 AD2d 368; *People v Jackson,* 111 AD2d 831; *People v Williams,* 79 AD2d 147). Because an experienced officer credibly testified that he saw the outline of a gun in the defendant's jacket, while the defendant was acting nervously in a high crime area, the hearing court properly determined that the stop and frisk was warranted and correctly declined to suppress the gun (see, *People v Milliner,* 146 AD2d 717; *People v Trulio,* 135 AD2d 758; *People v Mandley,* 134 AD2d 622; *People v Henriquez,* 128 AD2d 803).

We also find that the hearing court acted within its discretion in refusing to permit the in-court demonstration requested by the defendant (see, *People v Mariner,* 147 AD2d 659, 660; *Norfleet v New York City Tr. Auth.,* 124 AD2d 715, 717; *Washington v Long Is. R. R. Co.,* 13 AD2d 710). Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.