■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE SANSALONE, Appellant. [602 NYS2d 197] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered October 2, 1990, convicting him of burglary in the second degree, criminal mischief in the fourth degree and possession of burglar tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted, among other things, of burglary in the second degree, after being identified by the victim who saw him climbing in through the window of her home. Contrary to the defendant's assertions on appeal, the hearing court correctly found that circumstances warranted the stop, protective frisk, and temporary detention of the defendant when he was found in close spatial and temporal proximity to the crime and matched in all material aspects the description given by the victim. Thus, the pocket knife found on his person was properly admitted into evidence *(see, People v Hicks,* 68 NY2d 234; *People v Benjamin,* 51 NY2d 267; *People v Brnja,* 50 NY2d 366; *People v Mack,* 26 NY2d 311, *cert denied* 400 US 960; *People v Hopper,* 163 AD2d 418; CPL 140.50). Further, the showup held immediately thereafter was not unduly suggestive and testimony concerning it was likewise properly held admissible *(see, People v Duuvon,* 77 NY2d 541; *People v Riley,* 70 NY2d 523; *People v Love,* 57 NY2d 1023).

To the degree that the defendant's arguments concerning discrepancies in the testimony elicited at trial can be interpreted as a challenge to the legal sufficiency of the evidence, the lack of specificity in his motion for a trial order of dismissal renders this issue unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Sherrod,* 181 AD2d 700). In any event, viewing the evidence in a light most

favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Indeed, the challenged testimony merely raised issues of credibility and the weight to be accorded the evidence, the resolution of which is primarily a question for the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, included those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.