■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK WEST, Appellant. [896 NYS2d 55]—

Judgment, Supreme Court, New York County (James A. Yates, J., at suppression hearing; Edwin Torres, J., at plea and sentence), rendered January 18, 2007, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose

prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no reason to disturb the court's credibility determinations, which are supported by the record. The initial police questioning of defendant was based on a founded suspicion of criminality, created by defendant's presence in the lobby of a public housing apartment building known as a drug-prone location, and the officer's observations of defendant counting money and then immediately putting it in his pocket upon seeing the officer. Suspicion of criminal activity was heightened by defendant's failure to respond meaningfully to the arresting officer's reasonable inquiry as to whether defendant was visiting a building resident and the movement of defendant's hands to his bulging pockets. Defendant ignored the officer's demand to keep his hands out of his pockets. Under these circumstances, the officer was justified in approaching defendant to frisk him (*see* CPL 140.50; *People v Benjamin*, 51 NY2d 267, 271 [1980]). Moreover, when defendant grabbed the officer's hand, reasonable suspicion of criminal activity was raised to the level of probable cause to arrest (*see People v Henriquez*, 128 AD2d 803 [1987]; *see also People v Flow*, 37 AD3d 303, 304 [2007], *lv denied* 9 NY3d 843 [2007] ["the police at least had reasonable suspicion for a stop and frisk, which escalated to probable cause when defendant put up a violent struggle, refusing to be frisked"]). Concur— Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ.