OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s conviction vacated, the motion to suppress granted and the indictment dismissed.
Defendant has been convicted of attempted criminal possession of a weapon in the third degree as the result of the discovery of a weapon in the waistband of his trousers.
While patrolling Aqueduct Park in The Bronx in plain clothes and in an unmarked car, Police Officers Vigliotti and Vallone saw two men standing about a hundred feet away pass an object between them. As the car approached, the men fled and the police gave chase. A short time later the police observed defendant a few blocks from the park wearing a coat similar to the distinctive style worn by one of the men seen in the park earlier. The police approached him from the rear and when they were a few feet away from him, one of the officers called out, “Police, don’t move!” Defendant turned to face them, reaching into the waistband of his trousers as he did so. The witnesses agreed that he reached to his waist immediately after hearing the officers’ command. The officers grabbed defendant’s hand, threw him against the police car and placed his hands on the roof. One of the officers then reached into defendant’s waistband and recovered a revolver.
The trial court, in findings affirmed by the Appellate Division, held the police conduct in stopping and detaining defendant unlawful. They found the taint of that unlawful conduct had been dissipated, however, by defendant’s action in reaching for the gun. It therefore denied suppression. We find no evidence in the record to support the finding of attenuation.
We have held that if the evidence is discovered as a direct consequence of the unlawful police conduct, then it must be suppressed. The test to be applied is whether defendant’s action in reaching into his waistband was spontaneous and precipitated by the illegality or whether it was a calculated act not provoked by the unlawful police activity and thus attenuated from it (see People v Boodle, 47 NY2d 398; People v Townes, 41 NY2d 97; People v Martinez, 37 NY2d 662). Thus, in People v Townes (supra), we held that there was attenuation because *751 after the police had ordered defendant to stop, he moved away from the officers before suddenly turning, pointing a gun at them and pulling the trigger. In the present case there was no support in the record for the finding, implicit in the Appellate Division’s decision, that defendant’s actions were a calculated and considered response to the police intrusion. On the contrary, the only evidence in the record was that he reacted spontaneously to the police command by reaching immediately into his waistband (compare People v Martinez, supra).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.