■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v FRANKLIN GREAVES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (White, J.), rendered June 15, 1984, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence and a statement to the police.

Judgment affirmed.

The hearsay information from a citizen to the police that the defendant was in possession of and dealing in "smoke" at a specific location provided the necessary " 'objective credible reason' " which justified the police approach of the defendant *(People v Leung,* 68 NY2d 734, 736; *People v Landy,* 59 NY2d 369).* The defendant's immediate flight in an area known for a high incidence of drug sales upon the approach of the detective who had arrested him several times before, coupled with the citizen's information, "establish[ed] the necessary reasonable suspicion that the defendant had committed, or was about to commit a crime, such that pursuit by the officers was justified" *(People v Leung,* 68 NY2d 734, 736, *supra; People v De Bour,* 40 NY2d 210). The retrieval by the police of a pouch suspected of containing marihuana, which had been discarded by the defendant during his flight, provided the necessary probable cause to arrest him.

In any event, the record supports a finding that the defendant abandoned the pouch *(see, People v Howard,* 50 NY2d 583, 593, *cert denied* 449 US 1023). Unlike the defendant in *People v Howard (supra),* the abandonment here was "an independent act involving a calculated risk" *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969) and evidenced an intent on the part of the defendant to "purposefully [divest] himself of possession" of the pouch *(People v Howard, supra,* at p 593).

Since the defendant's arrest was proper, the subsequent search of his person, which revealed a blackjack, was lawful as an incident to the arrest. Additionally, the record supports Criminal Term's finding that the defendant's statement to the police was voluntarily made after he was given his *Miranda* warnings. Accordingly, suppression of the blackjack and the defendant's statement was properly denied. Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.