■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH TERRACCIANO, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Pitaro, J.), dated October 6, 1986, which, after a hearing, granted the defendant's motion to suppress physical evidence.

Ordered that the order is affirmed.

The defendant was charged with burglary and related crimes stemming from his alleged unlawful entry into and his theft of a camera and binoculars from a residence in Queens County. A *Mapp* hearing was conducted to determine the question of the admissibility of the camera and binoculars. The sole witness called by the People at the hearing was Police Officer Paul Heider. The defendant did not testify and called no witnesses.

Officer Heider testified that in the early morning hours of March 28, 1986, while patrolling with two other officers in an unmarked vehicle and dressed in civilian clothes, he observed

the defendant and a companion walking near the intersection of Catalba and Seneca Avenues. The defendant was carrying two objects in his hands and his companion was carrying a big box on his shoulder. Heider could not identify the objects carried by either individual. The officer observed the two individuals as they walked several blocks. At one point, the defendant's companion dropped the box he was carrying, continued down the block without it, and then after conversing briefly with the defendant, returned and retrieved the box. When he returned to where the defendant was standing, Heider pulled up and stopped the unmarked vehicle in the middle of the street about 4 or 5 feet from where the two men were standing. All three officers exited the vehicle and identified themselves as police officers. Heider did not recall whether he or either of his brother officers had guns drawn. Upon the approach by the police, the defendant threw the objects he was carrying at the officers and fled across the street pursued by two of the officers. The defendant was apprehended and the objects he discarded, which were discovered to be a camera and binoculars, were retrieved by the police. The defendant and his companion were thereupon arrested and placed in the unmarked vehicle.

The officers then drove through the area and discovered a building with its door open. Further investigation revealed a storage bin in the basement of the building with its lock broken and its contents in disarray. The owner of the storage bin subsequently identified the camera and binoculars thrown by the defendant as belonging to him.

Upon this evidence, the hearing court granted the defendant's motion to suppress the camera and binoculars, holding that the approach by the officers was based upon a mere hunch and was not predicated upon an articulable reason sufficient to justify the police action. The court further held that the property in question had not been intentionally abandoned. We agree and accordingly affirm the order appealed from.

Even in the absence of any concrete indication of criminality, a police officer may approach a private citizen on the street for the purpose of requesting information provided "there is some objective credible reason for [the] interference" *(People v De Bour,* 40 NY2d 210, 223; *see also, People v Carrasquillo,* 54 NY2d 248, 252-253). Manifestly, when Officer Heider approached the defendant there was not any concrete indication of criminality. Nor can it reasonably be contended

that the defendant's behavior was furtive or suspicious. Significantly, as found by the hearing court, there was no testimony that the area had a high incidence of burglaries or was a high-crime area or that the defendant was a known criminal. There also had been no report of a recent burglary nor were the officers conducting an investigation or surveillance. Viewed objectively, the defendant's conduct simply did not provide the necessary "objective credible reason" to justify the exercise by the police of their common-law right of inquiry.

Assuming, arguendo, that some level of police intrusion was warranted under the circumstances, the officers' subsequent pursuit of the defendant was not lawful as such action was not reasonably related in scope to the facts known to the police at that time. The pursuit of a person who flees after first being approached by the police for purposes of an investigative inquiry is justified only when reasonable suspicion exists that the person has committed or was about to commit a crime *(People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023; *see also, People v Leung,* 68 NY2d 734, 736). Based upon the paucity of information available to the police officers from their observations of the defendant, the requisite reasonable suspicion was not established *(see, People v Howard, supra).* Nor is this a situation like that extant in *People v Leung (supra)* where the defendant's flight coupled with the other circumstances established the necessary reasonable suspicion of the defendant's criminality. Unlike in *Leung,* the officers at bar had insufficient facts upon which to conclude that the defendant's flight revealed a consciousness of guilt. The flight together with the other information did not warrant the police pursuit *(cf., People v Greaves,* 123 AD2d 445, *lv denied* 69 NY2d 712).

We further conclude that the property discarded by the defendant was not abandoned. The defendant's conduct in throwing the camera and binoculars at the police officers was "a spontaneous reaction to a sudden and unexpected confrontation with the police" rather than "an independent act involving a calculated risk" *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Thus, the defendant's conduct in discarding the property was not attenuated from but rather was a direct consequence of the unlawful police conduct *(see, People v Wilkerson,* 64 NY2d 749). Suppression was, therefore, properly granted. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.