◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS ARCHIE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Groh, J.), rendered May 8, 1986, convicting him of criminal possession of a controlled substance in the third degree under indictment No. 4396/85, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered May 8, 1986, adjudicating him in a violation of the conditions of his probation under indictment No. 3825/83, and imposing sentence. The appeal from the conviction under indictment No. 4396/85 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence and a statement made by him to the police.

Ordered that the judgment and amended judgment are reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress certain physical evidence and a statement made by him to the police is granted, indictment No. 4396/85 is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50 under indictment No. 4396/85, and for further proceedings with regard to the violation of probation charge under indictment No. 3825/83.

On appeal, the defendant's main challenge is to the propriety of the hearing court's ruling with respect to 38 packets of heroin which he allegedly discarded while he was being chased by the police.

On September 5, 1985, at about 4:45 A.M., Police Officer Wayne Rogers and his partner Officer Ralph Caso were patrolling in a marked vehicle, in the vicinity of Rockaway Boulevard and 140th Street, a purportedly "drug-prone location". Upon observing the defendant and three other men standing on the corner of the intersection of Rockaway Boulevard and 142nd Street, the officers circled the block and then decided to investigate. As the officers parked the patrol car, the four men started to run. Rogers alighted from the vehicle and took chase, with his partner following him. Rogers concentrated on the defendant because he was closest to him. In the course of the chase, the defendant dropped some packets. Rogers did not then retrieve these packets, which were not further described, but he continued to chase the defendant.

The defendant ran north on 142nd Street toward 123rd Avenue; then he headed toward 140th Street. As the defendant rounded the corner onto 140th Street, he took off a blue work shirt that he had been wearing, and threw it to the ground.

In the meantime, Rogers' partner, who had returned to the police vehicle, joined the chase. He caught up with the defendant at the intersection of 140th Street and Rockaway Boulevard, grabbed the defendant and held him up against a wall. When Rogers reached the corner, he "took hold" of the defendant while his partner retraced the route the defendant had taken. Rogers' partner recovered 10 loose packets and the work shirt which contained an additional 28 packets. At that time, the officers, then believing that the retrieved packets contained heroin, formally arrested the defendant. During the ensuing search of the defendant, the officers recovered $437 in cash from the defendant's person. Subsequently, while the defendant was being placed in the patrol car, he asked for "his shirt".

The hearing court denied the defendant's request for suppression, stating, in pertinent part, that the police had acted properly in chasing and detaining the defendant and that the 38 packets of heroin had been abandoned by the defendant, despite its finding that this contraband was not dropped until the police officers had begun to chase the defendant.

In the absence of probable cause to believe that criminal activity is afoot, the police may not pursue, seize or search an individual or his possessions (see, People v Howard, 50 NY2d 583, cert denied 449 US 1023; People v Terracciano, 135 AD2d 849; People v Torres, 115 AD2d 93). At bar, there was no specific objective indicia of criminality which may be considered a predicate for the police officers' precipitous conduct of chasing after and forcibly detaining the defendant (cf., People v Leung, 68 NY2d 734). Accordingly, we find that the police officers' conduct was unlawful, and all evidence recovered as a direct result of the illegal police conduct must be suppressed (see, People v Wilkerson, 64 NY2d 749; People v Howard, supra; People v Terracciano, supra; People v Torres, supra).

We further disagree with the hearing court's finding that the defendant had abandoned the heroin. The defendant's acts of discarding the heroin were "a provoked and spontaneous response to unlawful police conduct" (People v Torres, supra, at 99; see, People v Howard, supra; People v Terracciano, supra).

Therefore, suppression is warranted as to the heroin, as well as the money seized from the defendant's person and the defendant's statement *(see, People v Wilkerson, supra; People v Howard, supra)*. Consequently, indictment No. 4396/85 must be dismissed.

In light of our determination, the violation of probation conviction under indictment No. 3825/83 should also be reversed since it was based upon the testimony elicited at the trial under indictment No. 4396/85 with respect to the suppressed evidence *(see, People v Robinson,* 100 AD2d 945). Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.