■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIE BATISTA, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Clabby, J.), dated April 7, 1989, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed.

The police officer's observation of an exchange between the defendant and another man of a "small object" and United States currency was insufficient to establish probable cause to arrest defendant. Here, as in *People v Mills* (145 AD2d 578), the officer did not observe the actual object which was passed from the defendant to the other man, and it is not reasonably inferable that the object was an illegal substance. Moreover "Assuming, arguendo, that some level of police intrusion was warranted under the circumstances, the officers' subsequent pursuit of the defendant was not lawful as such action was not reasonably related in scope to the facts known to the police at that time. The pursuit of a person who flees after first being

approached by the police for purposes of an investigative inquiry is justified only when reasonable suspicion exists that the person has committed or was about to commit a crime * * *. Based upon the paucity of information available to the police officers from their observations of the defendant, the requisite reasonable suspicion was not established" *(People v Terracciano,* 135 AD2d 849, 851).

The People's remaining contention is unpreserved for appellate review and, in any event, without merit. Mangano, J. P., Thompson, Lawrence and Rosenblatt, JJ., concur.