■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAZARO RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at hearing, trial and sentence), rendered October 21, 1987, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (Penal Law § 265.02) and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 3½ to 7 years, unanimously affirmed.

At 3:00 A.M. while stopped at a traffic light on 44th Street and Ninth Avenue, two police officers in plain clothes observed the defendant lift the waistline of his jacket, reveal a gun and tuck the gun back into his pants. The officers, reversing the direction of their car, slowly followed the defendant. Upon making eye contact with the police officers, the defendant bolted up the street. He was chased, apprehended and the gun was seized.

Following a hearing, the defendant's motion to suppress the gun was denied. It is the defendant's contention that no probable cause existed to search him and that the suppression

court erred in crediting the police officers' testimony because it is improbable that a person possessing a gun would expose it in that area of Manhattan. Further, the defendant argues that the officers' testimony was both conflicting and tailored to meet constitutional requirements. However, we find no basis to upset the court's determination as to credibility, and further conclude that probable cause existed for the search and arrest.

The Court of Appeals has stated that "much weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses". *(People v Prochilo,* 41 NY2d 759, 761 [1977].) Moreover, there is no evidence of fabrication. *(See, People v Quinones,* 61 AD2d 765 [1st Dept 1978] [testimony found incredible where officer testified that he responded to a radio call and there was no record of such communication].) Moreover, the record reveals no material inconsistencies between the officers' testimony. Because the officers saw the gun, there was probable cause for the search and arrest. *(See, People v De Bour,* 40 NY2d 210 [1976].) Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.