■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC BENNETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered May 8, 1989, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. No questions of fact were raised or considered.

The hearing record establishes that an undercover police officer observed the defendant handing a small "object" to another individual in exchange for United States currency. After receiving this information and a description of the defendant from the undercover officer, backup police officers approached the defendant, who thereupon fled. A pursuing officer observed the defendant carrying a black pouch as he ran, but the pouch was not in his possession moments later when he was apprehended. The officers retraced the defendant's path and recovered the pouch, which contained 105 vials of crack cocaine. The defendant maintains that the pouch and its contents should have been suppressed as the fruit of an improper pursuit and arrest. We agree.

Under circumstances strikingly similar to those presented in this case, we recently observed that "[t]he police officer's observation of an exchange between the defendant and another man of a 'small object' and United States currency was insufficient to establish probable cause to arrest defendant" *(People v Batista,* 156 AD2d 455). Absent such probable cause to believe that the instant defendant was engaged in criminal activity, the police lacked the authority to seize him *(see, People v Archie,* 136 AD2d 553). Moreover, the defendant's flight upon being approached by the officers did not give rise to probable cause justifying arrest *(see, People v Howard,* 50

NY2d 583, *cert denied* 449 US 1023; *People v Carter,* 163 AD2d 320), nor did it give rise to a reasonable suspicion justifying actual or constructive restraint *(see, People v De Bour,* 40 NY2d 210, 216; *People v Batista, supra; People v Terracciano,* 135 AD2d 849).

We disagree with the determination of the hearing court that the defendant abandoned the pouch. The record before us demonstrates that it was discarded as "a spontaneous reaction to a sudden and unexpected confrontation with the police" *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969).

In view of the foregoing, we do not address the defendant's additional contentions. Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.