■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WELDON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered March 14, 1990, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Douglass, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the hearing established that on December 18, 1988, at approximately 7:30 A.M., the arresting officers observed the defendant exit a one-story building which had been described in police intelligence reports as a location used "specifically for selling drugs". Upon seeing the police officers, the defendant immediately turned and re-entered the building. The officers then exited their patrol car, followed the defendant inside and, after entering the building, observed the defendant standing alone, in front of a plexiglass wall, with his hand inserted into a metal slot which had been fitted into the wall. The officers approached the defendant and asked him to provide an explanation for his presence in the building. The defendant was unable to explain why he was present, and departed upon the officers' request that he leave.

Thereafter, the officers departed, but upon driving by the premises minutes later, observed the defendant re-enter the building. The officers exited their vehicle to investigate. When the defendant saw the officers, he fled from the building. The officers gave chase after the defendant ignored the officers' command that he stop. The defendant had completed scaling a six-foot chain link fence while fleeing when he turned toward the pursuing officers and pointed a gun at them. He dropped the gun after he stumbled while attempting to escape and was apprehended. The hearing court denied the defendant's motion to suppress the gun. We affirm.

When the defendant re-entered a building associated with the sale of drugs *(cf., People v Leung,* 68 NY2d 734, 736), after having been previously seen in the building with his hand inside a metal wall slot, the arresting officers possessed reason

to suspect that criminal activity was afoot *(see, People v De Bour,* 40 NY2d 211, 223). Thereafter, when the defendant fled upon observing the arresting officers approach him, his flight, taken together with his unexplained and continued presence in and around a building associated with the sale of drugs, gave the officers the necessary reasonable suspicion to justify their pursuit *(see, People v Leung, supra).*

In any event, even if the requisite predicate of suspicion was lacking, an affirmance would nevertheless be required since the defendant's brandishing of a hand gun at the officers constituted a calculated, independent criminal act, unrelated to the police activity which preceded it *(see, e.g., People v Leung, supra,* at 737; *People v Wilkerson,* 64 NY2d 749, 750-751; *People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur. *[See,* 145 Misc 2d 1002.]