judgments are affirmed (see, People v Vaughn, supra). Mangano, P. J., Kooper, Lawrence, Rosenblatt and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW LAWRENCE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered March 16, 1990, convicting him of reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence and a statement made by him to the police.

Ordered that the judgment is modified, on the law, by reversing the conviction of reckless endangerment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We disagree with the defendant's contention that the hearing court erred in denying suppression of the physical evidence, namely a gun. The evidence adduced at the hearing established that, on April 24, 1989, at approximately 3:00 P.M., the arresting officer observed the defendant walking along Hollis Avenue, in Queens. The defendant had his right hand tucked into his right coat pocket. The officer pulled his unmarked vehicle next to the curb where the defendant was walking, exited his car, and identified himself to the defendant as a police officer by pulling his shield from under his vest. In response to the officer's question "[c]an I talk to you for a minute?", the defendant began to run, with the officer in close pursuit. The defendant ran into an alleyway and was prevented from going any further by a 15-foot wall. He bent over, continually rustling whatever he had in his right pocket and, when the officer grabbed him by the shoulders, the defendant stood up and turned towards the officer. The officer observed that the defendant displayed a silver gun which he had in his right hand, pointed towards the officer's midsection. After a short scuffle, the defendant dropped the gun and was placed under arrest.

This court very recently observed, on similar facts, that "even if the requisite predicate of suspicion was lacking, an affirmance would nevertheless be required since the defendant's brandishing of a hand gun at the officers constituted a

calculated, independent criminal act, unrelated to the police activity which preceded it *(see, e.g., People v Leung,* [68 NY2d 734], at 737; *People v Wilkerson,* 64 NY2d 749, 750-751; *People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969)" *(People v Weldon,* 171 AD2d 712, 713). For these reasons, we find that the hearing court properly refused to suppress the gun.

However, we agree with the defendant's contention that evidence adduced at the trial did not establish that his conduct created "a grave risk of death to another person", a necessary element of the crime of reckless endangerment in the first degree (Penal Law § 120.25; *People v Davis,* 72 NY2d 32; *People v Register,* 60 NY2d 270, 277, *cert denied* 466 US 953). Viewed in a light most favorable to the People *(People v Contes,* 60 NY2d 620), the evidence establishes that the defendant pointed a gun at the officer with an implied threat to use it, but those facts do not support a conviction for reckless endangerment *(see, People v Davis, supra,* at 36; *People v Richardson,* 97 AD2d 693).

We do not agree with the defendant's contention that his absence at an inquiry of certain jurors to determine whether they should be disqualified because they observed him in custody deprived him of his constitutional rights. Under the circumstances of this case the presence of the defendant's counsel at the inquiry was sufficient to afford the defendant a " 'fair and just hearing' " *(People v Mullen,* 44 NY2d 1, 6; *see, People v Darby,* 75 NY2d 449).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.