■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KILMINSTER, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Chetta, J.), rendered November 20, 1990, convicting him of criminal possession of a controlled substance in the fifth degree under Indictment No. 11630/89, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered November 20, 1990, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Indictment No. 10462/88. The appeal from the judgment rendered upon Indictment No. 11630/89 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment and amended judgment are affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

At the *Mapp* hearing on Indictment No. 11630/89, Detective James Phallon testified that on April 10, 1989, he was assigned to a narcotics field team to back-up an undercover

police officer. While in an unmarked car parked on 193rd Street and Jamaica Avenue in Queens, he received a radio communication from the undercover officer who was then approximately two blocks away. The undercover officer stated that he had just observed a man in possession of several vials of crack-cocaine and described the man as white with long brown hair and wearing a blue jacket, blue jeans, brown boots and a green hat. Detective Phallon observed the defendant, who fit that description, walk down 193rd Street, get into a car, and drive away. Upon stopping the defendant's vehicle, the detective observed the defendant placing vials into his mouth. The court denied the defendant's motion to suppress the cocaine seized upon his arrest.

Contrary to the defendant's contention, the People were not required to produce the undercover officer who sent the communication in order to establish probable cause. The arresting officer's testimony sufficiently demonstrated the reliability of the transmission upon which he acted and did not raise any questions regarding the validity of the arrest to warrant the calling of an undercover officer (see, People v Petralia, 62 NY2d 47, cert denied 469 US 852; People v White, 178 AD2d 674; People v Ivory, 160 AD2d 730).

In light of our determination with respect to the judgment of conviction rendered upon Indictment No. 11630/89 there is no basis for vacatur of the plea under Indictment No. 10462/88 (cf., People v Clark, 45 NY2d 432). Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.