■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO GRAJALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 8, 1989, as amended October 2, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence. By decision and order dated July 29, 1991, this Court remitted the matter to the Supreme Court, Kings County, to hear and report on that branch of the defendant's motion which was to suppress physical evidence, and the appeal was held in abeyance in the interim (People v Grajales, 175 AD2d 293). The Supreme Court has now complied.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that, at a hearing held pursuant to the decision and order of this Court dated July 29, 1991, Officer Neil P. O'Donnell, the officer who had recovered the gun, tailored his testimony in order to establish a sufficient factual predicate for the defendant's arrest, and that the hearing court erred in crediting his testimony. However, it is

well established that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of the facts, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Moreover, it is equally well established that the hearing court's determination will generally be accorded great weight on appeal and will generally not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The testimony of the officer contained some inconsistencies, and it should be noted that the suppression hearing was held almost six years after the defendant's arrest. However, we cannot say based upon the record before us that his testimony was incredible as a matter of law *(see, People v Villa,* 156 AD2d 402; *People v Williams,* 156 AD2d 288; *People v Ennis,* 158 AD2d 467). Nor can it be said that Officer O'Donnell's testimony had the appearances of having been "[patently] tailored to [nullify] constitutional objections" *(People v Cruz,* 158 AD2d 293; *People v Smith,* 130 AD2d 600; *People v Henriquez,* 116 AD2d 589; *cf., People v Miret-Gonzalez,* 159 AD2d 647). Accordingly, we shall not disturb the hearing court's determination to deny the suppression motion *(see, People v Prochilo,* 41 NY2d 759; *People v Williams, supra; People v Milliner,* 146 AD2d 717; *People v Trulio,* 135 AD2d 758; *People v Henriquez,* 128 AD2d 803). In any event, the defendant's conduct in discarding the gun constituted an abandonment *(see, People v Lawrence,* 176 AD2d 965; *People v Braithwaite,* 172 AD2d 548; *People v Elliot,* 162 AD2d 609).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken and Balletta, JJ., concur.

Harwood, J., dissents and votes to reverse the judgment, on the law and the facts, to grant that branch of the defendant's motion which was to suppress physical evidence, and to dismiss the indictment, with the following memorandum: I disagree with the ruling of the Supreme Court, made after a hearing denying that branch of the defendant's omnibus motion which was to suppress the gun, and with my colleagues in the majority who have voted to affirm that judgment.

The incident which was the subject of the hearing occurred at approximately 12:30 A.M. on December 12, 1985. Detective Neil O'Donnell, who was a police officer at the time of this incident, testified that he was on radio motor patrol serving as driver, with his partner, Officer Antonio Weaver, who served as recorder, when, from a distance of approximately 60 feet, he observed the defendant and two other men standing on a

street corner having a conversation. O'Donnell testified that while the car he was driving was still moving he observed that a heavy object which "appeared" to him to have the outline of a gun was weighing down the defendant's right jacket pocket. O'Donnell could not on cross-examination describe the outline but rather insisted that it was his "belief" based upon his training and previous arrests he made involving gun possession, that there was a "50/50 shot that that was a gun in [the defendant's] pocket". Weaver, whose trial testimony was admitted on behalf of the defendant at the suppression hearing pursuant to a stipulation, testified that he also observed the bulge in the defendant's pocket, but he specifically stated that what he saw was a mere bulge, not the outline of a gun or any part of a gun. When the two approached defendant, Weaver had his gun drawn and O'Donnell told the defendant to "come here", whereupon the defendant's eyes lit up and he turned and ran. During the ensuing chase, the defendant dropped the gun which is the premise for the instant prosecution.

I conclude that when Officer O'Donnell told the defendant to "come here", while Officer Weaver's gun was drawn, the defendant was effectively seized *(see, People v Cantor,* 36 NY2d 106, 111; *see also, People v Jennings,* 45 NY2d 998). And apart from the fact that I find O'Donnell's testimony that he observed the outline of a gun in the defendant's coat pocket at night from a moving vehicle at a distance of 60 feet to be tailored to meet constitutional objections *(see, e.g., People v Garafolo,* 44 AD2d 86, 88; *see also, People v Cruz,* 158 AD2d 293), it is my view that, absent any indicia of criminal activity, an officer's "50/50" but otherwise unexplainable belief that a gun is in a person's pocket is an insufficient predicate to forcibly detain that person or to chase him when he exercised his constitutional right to flee *(see, People v Leung,* 68 NY2d 734; *People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023; *People v Terracciano,* 135 AD2d 849).

It is also my view that the defendant's dropping of the gun during the chase was a direct and immediate response to the illegal police conduct rather than an independent act involving a calculated risk *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *see, People v Archie,* 136 AD2d 553; *People v McFadden,* 136 AD2d 934). I therefore vote to reverse the judgment, and would grant that branch of the defendant's omnibus motion which was to suppress certain physical evidence, and to dismiss the indictment.