■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILLIAMS, Appellant. [603 NYS2d 516] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered May 20, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Sherman, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

The defendant was observed by undercover police officers selling crack cocaine to the passengers of a BMW automobile during a drug surveillance operation. The BMW was stopped nearby and the passengers arrested after a vial of crack cocaine was recovered from the floor of the car. When the back-up officers arrived at the scene of the sale to make arrests, they approached the defendant because he matched the description of the drug seller broadcast over the police radio. However, as they approached, the defendant fled, dropping a plastic bag containing 100 vials of crack cocaine during the pursuit. On appeal, the defendant argues that the back-up officers did not possess a "reasonable suspicion" that he had committed a crime, allowing them to detain or pursue him and, therefore, the crack cocaine he discarded during the chase should have been suppressed as the fruit of an unlawful detention. He makes the same argument as to the crack cocaine found on the floor of the BMW automobile. We disagree.

Because the defendant did not move to suppress the crack

cocaine found in the BMW automobile, this issue has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, the defendant failed to articulate the requisite privacy interest to warrant a finding that he had standing to challenge the admission of this evidence *(see, People v Ponder,* 54 NY2d 160) and, as the discovery and seizure of the crack cocaine in the BMW occurred prior to the police's attempted detention of the defendant, it could not have been a fruit of that detention. Concerning the crack cocaine discarded during the flight, we find that the hearing court, which saw and heard the witnesses, correctly denied suppression *(see, People v Prochilo,* 41 NY2d 759; *People v Coon,* 161 AD2d 657).

In *People v De Bour* (40 NY2d 210), the Court of Appeals noted that "[w]here a police officer entertains a reasonable suspicion that a particular person has committed, is committing or is about to commit a felony or misdemeanor, the CPL authorizes a forcible stop and detention of that person" *(People v De Bour, supra,* at 223; *see also,* CPL 140.50; *People v Cantor,* 36 NY2d 106; *People v Batista,* 156 AD2d 455; *People v Archie,* 136 AD2d 553). Further, this "reasonable suspicion" is sufficient to permit a police officer to pursue a fleeing defendant *(see, People v Martinez,* 80 NY2d 444). A "reasonable suspicion" is that "quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" *(People v Cantor, supra,* at 112-113; *see, People v Martinez, supra,* at 448). Here, the facts reveal that the back-up officers, justifiably relying on the radio transmissions of their fellow officers describing the drug seller *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Kilminster,* 181 AD2d 794; *People v London,* 160 AD2d 734), possessed the requisite "reasonable suspicion" that the defendant had just committed a crime to both stop and forcibly detain him and to pursue him when he fled. Thus, the hearing court properly denied suppression of the crack cocaine abandoned by the defendant as he fled the police.

In addition, the defendant failed to preserve for appellate review his claim that the evidence was legally insufficient. In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt

was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.