■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ALTRUZ, Appellant. [604 NYS2d 134] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered May 29, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Jones, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress physical

evidence, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

Prior to trial, the defendant moved for a suppression hearing, claiming that probable cause for his arrest was lacking, and that the drugs and money recovered from his person by the arresting police officer should therefore have been suppressed. At the conclusion of the pretrial proceedings, the court denied the motion, finding that the defendant had not satisfied the criteria set forth by CPL 710.60 to warrant a hearing. That statute requires a defendant to provide a legal ground for his motion, and to support the ground with sufficient factual allegations.

In the present situation, the court determined that the defendant's assertions in his motion papers were too vague and conclusory to necessitate a hearing. We disagree. Those assertions, *i.e.,* that the arresting officer "was not standing in close proximity to defendants Altruz and Torres at the time of the alleged exchange", that "[s]uch alleged exchange, viewed from a distance, would have appeared as a handshake, nothing more", and that "[t]he appearance of a handshake is innocuous, at worst equivocal behavior, and hence is insufficient for probable cause", were adequate to apprise the court that the probable cause issue was not clear-cut *(see, People v Bennett,* 170 AD2d 516; *People v Batista,* 156 AD2d 455). Consequently, the court erred in summarily denying the defendant's request for a hearing. Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.