■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON GUERRA, Appellant. [605 NYS2d 348] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered March 5, 1992, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and criminal mischief in

the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Appelman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

In *People v Hollman* (79 NY2d 181, 191) the Court of Appeals recognized that "the tone of police-initiated encounters with civilians can be subtle and ever-shifting, that words and gestures are susceptible to many varying interpretations, and that suspicion can grow based on intangibles evident only to the eyes of a trained police officer". Here, there were a series of factors which escalated incrementally as the encounter evolved *(see, People v Gibson,* 194 AD2d 623). The defendant, and the codefendant were carrying pillow cases from which a protruding videocassette recorder and telephone could be seen. People were pointing at the suspects, who were dropping items without retrieving them. These factors provided the police with reasonable suspicion for an investigatory stop of these two individuals *(see, People v Moore,* 47 NY2d 911, 912; *accord, People v Hollman, supra,* at 191; *People v Gibson, supra).* When, upon questioning the suspects, the officers learned that they could not identify the property that they were carrying, there was enough to support the detention of the individuals while further investigation was made *(People v Moore, supra,* at 912). When, upon further investigation, the officer observed a broken window, broken bushes, and mud on the dining room rug of the complainant's dwelling, and returned with the complainant, who identified the property as belonging to her family, there was probable cause to arrest the defendant and the codefendant. Accordingly, the hearing court properly denied the branch of the defendant's omnibus motion which was to suppress physical evidence.

At the conclusion of the presentation of evidence, the defense counsel moved for a trial order of dismissal, arguing only that "the People have failed to put forward a legally sufficient case". Such generalized motions for trial orders of dismissal do not preserve a specific claim of insufficient evidence for appellate review *(see,* CPL 470.05 [2]; *People v Salas,* 192 AD2d 627).

In any event, viewing the evidence in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom *(see, People v Giuliano,* 65 NY2d 766, 768), we find that it was legally sufficient to establish the defendant's guilt beyond a reason-

able doubt *(see, People v Chalmars,* 176 AD2d 239). Under the circumstances herein, the jury could have reasonably concluded that the defendant, acting in concert with his accomplice, burglarized the complainant's home. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Adams,* 69 NY2d 805; *People v Ford,* 66 NY2d 428; *People v Hicks,* 68 NY2d 234). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.