(March 13, 1997)

■ In the Matter of JOEL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [654 NYS2d 753] —Order of disposition, Family Court, New York County (Sara Schechter, J.), entered on or about January 22, 1996, which adjudicated respondent a juvenile delinquent, following a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a controlled substance in the third and fifth degrees, and placed him with the Division for Youth for a period of 18 months, unanimously affirmed, without costs.

In an omnibus motion seeking, *inter alia*, a *Mapp/Dunaway* hearing, respondent asserted that, while a police officer had stated that he observed respondent repeatedly exchange small objects for United States currency, he was not standing in close proximity to any uniformed or non-uniformed officer at the time. Respondent also asserted that any such exchange, when viewed from any vantage point at any distance, would have appeared to be a handshake, which was innocuous and at worst equivocal behavior, and insufficient to provide probable cause to arrest. The allegations in respondent's motion papers failed to deny or to controvert the police officer's observations, and the assertion that his conduct appeared to be a handshake amounted to nothing more than legal argument. As a result, the Family Court correctly denied the motion for a *Mapp/Dunaway* hearing (*see*, Family Ct Act § 330.2 [1]; CPL 710.60 [1], [3] [b]; *People v Mendoza*, 82 NY2d 415, 421). While we are aware that the allegations of respondent's motion papers are similar to the allegations made in *People v Altruz* (198 AD2d 423), we decline to follow the holding of that case.

In any event, at the end of the fact-finding hearing, respondent renewed his motion to suppress and the court and parties treated the fact-finding hearing as encompassing a suppression hearing. In light of the ample evidence of probable cause adduced at the fact-finding hearing, the court properly denied the renewed motion. Respondent was arrested on the basis of observations establishing probable cause (*People v Schlaich*, 218 AD2d 398, 400, *lv denied* 88 NY2d 994), and upon a sufficiently specific description (*People v Chiari*, 220 AD2d 316, *lv denied* 87 NY2d 899). Concur—Murphy, P. J., Sullivan, Rubin and Andrias, JJ.