■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORREST HOPE, Appellant. [654 NYS2d 504] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: In the early morning hours of August 2, 1994, two Rochester police officers responded to a radio report of a "suspicious male" walking through the Corn Hill section of the City carrying a large object. As they drove to the reported location, the officers observed defendant carrying a large object wrapped in a blanket on his shoulder. They pulled up behind him, exited their vehicles and approached defendant on foot. When he saw the officers approaching, defendant dropped the object he was carrying and started running away. At that point, the officers saw that the object was a television. They pursued defendant and, following a struggle, arrested him and seized a remote control and television antenna from him. Following his arrest, defen-

dant made a statement to police admitting that he stole the television and related items from a nearby apartment.

County Court erred in denying defendant's motion to suppress the physical evidence and the statement. We agree with the court that the police had an objective credible reason for approaching defendant, based upon their observation of defendant carrying a large item wrapped in a blanket through a high crime area at 1:45 A.M. (*see, People v Hollman,* 79 NY2d 181, 190; *People v Moore,* 47 NY2d 911; *People v Guerra,* 199 AD2d 412, *lv denied* 83 NY2d 853; *People v Williamson,* 107 AD2d 727; *People v McNally,* 89 AD2d 971, *appeal dismissed* 58 NY2d 1029; *People v Hernandez,* 77 AD2d 548). We conclude, however, that the pursuit of defendant was not supported by a reasonable suspicion that a crime had been or was being committed (*see, People v Martinez,* 80 NY2d 444, 447). "Flight, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit * * * Flight alone, however, or even in conjunction with equivocal circumstances that might justify a police request for information (*see, People v Hollman,* [*supra,* at 190]; *People v De Bour,* 40 NY2d 210, 218-220), is insufficient to justify pursuit because an individual has a right 'to be let alone' and refuse to respond to police inquiry (*see, People v May,* 81 NY2d 725, 727-728)" (*People v Holmes,* 81 NY2d 1056, 1058). The circumstances in the instant case are not indicative of criminal activity on the part of defendant (*see, People v Terracciano,* 135 AD2d 849, 851, *lv denied* 71 NY2d 903; *cf., People v Matienzo,* 81 NY2d 778; *People v Leung,* 68 NY2d 734). There had been no report of a recent burglary, the police had no objective basis for concluding that the television was stolen and defendant's act of dropping the television set does not indicate that defendant had committed or was committing a crime (*see, People v Terracciano, supra,* at 851). We therefore grant defendant's motion to suppress the physical evidence and the statement (*see, People v May, supra,* at 728). (Appeal from Judgment of Monroe County Court, Smith, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.