■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS HOOPER, Appellant. (Appeal No. 1.) [667 NYS2d 575] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted and matter remitted to Erie County Court for further proceedings on the indictment. Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the third degree (Penal Law § 265.02 [2]; § 110.00), defendant contends that County Court should have suppressed certain physical evidence as the fruit of an illegal search and seizure. We agree.

Although the police officers had an objective credible reason to approach defendant for information based upon their observation of defendant's activities in an area known for drug trafficking (*see, People v Hollman*, 79 NY2d 181, 190; *People v De Bour*, 40 NY2d 210, 223; *People v Guerra*, 199 AD2d 412, 413, *lv denied* 83 NY2d 853), they did not have the right to pursue him after he fled the vehicle. Police pursuit of an individual "must be justified by reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Holmes*, 81 NY2d 1056, 1057-1058; *see, People v De Bour*,

*supra,* at 223). " 'Flight alone * * * or even in conjunction with equivocal circumstances that might justify a police request for information [citations omitted] is insufficient to justify pursuit because an individual has a right "to be let alone" and refuse to respond to police inquiry' " (*People v Hope,* 237 AD2d 885, 886, *lv denied* 90 NY2d 859; *see, People v Holmes, supra,* at 1058; *People v May,* 81 NY2d 725, 727-728; *People v Hollman, supra,* at 190-192). When the police officers approached defendant, they did not have a reasonable suspicion that he had been involved in the commission of a crime.

Defendant's act in discarding the bullets and weapon during the chase "was spontaneous and precipitated by the illegality" of the police conduct (*People v Wilkerson,* 64 NY2d 749). Thus, we grant defendant's motion to suppress the bullets and the weapon as " 'fruit' of the poisonous tree" (*People v Ramirez-Portoreal,* 88 NY2d 99, 110).

The court properly denied defendant's motion to suppress the .38 caliber revolver found under the seat in which defendant was sitting during a search of the vehicle by the police. Defendant was not charged with the statutory presumption of possession of a weapon pursuant to Penal Law § 265.15 (3). Thus, as "a mere passenger in the vehicle, [he] failed to establish a reasonable expectation of privacy in the vehicle and therefore lacks standing to challenge its search" (*People v Reynolds,* 216 AD2d 883, *lv denied* 86 NY2d 801; *see, People v Ponder,* 54 NY2d 160, 164-166; *People v Poree,* 240 AD2d 597). Because defendant has the burden to allege facts sufficient to warrant suppression, the People are not precluded from raising the issue of standing for the first time on appeal (*see, People v Jones,* 182 AD2d 1066; *People v Johnson,* 154 AD2d 932, *lv denied* 75 NY2d 771). (Appeal from Judgment of Erie County Court, McCarthy, J.—Attempted Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Hayes, Callahan, Doerr and Boehm, JJ.