■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE ROSS, Appellant. [674 NYS2d 526] —Judgment unanimously reversed on the law, motion to suppress granted and indictment dismissed. Memorandum: County Court erred in

denying defendant's motion to suppress tangible evidence seized by police during a street encounter. The events leading to the seizure began with a 911 report from an identified citizen of a suspected drug transaction at the corner of Kondolf and Whitney Streets in the City of Rochester. In that report, the suspected drug dealer was described as a black male in his twenties, wearing black pants, a black windbreaker with a hood and a white t-shirt, and having a shaved head. Two officers responded to the report within minutes and observed a group of men standing at the corner. They did not approach defendant initially and observed that he was wearing blue jeans, a beige sweater and a black army fatigue jacket without a hood. In addition, defendant was riding a bicycle and his head was not shaved. The police continued to circle the block looking for someone who *did* match the description. When they failed to locate a person matching the description, the officers turned their suspicion toward defendant, the only black male they observed in the vicinity. When the police stopped their vehicle and approached him, defendant dropped his bicycle and ran. The police pursued defendant. During the chase, defendant dropped his jacket, which contained a gun and marihuana.

The citizen informant provided the police with information sufficient to support a reasonable suspicion that a crime had occurred at the corner of Kondolf and Whitney Streets. Because of the lack of correspondence between defendant's appearance and the description of the suspected drug dealer transmitted to the officers, however, the officers had no basis for concluding that the reported crime had been committed by defendant (*see, People v Buffardi*, 92 AD2d 899, 901). Defendant's flight did not supply the necessary predicate to justify the officers' pursuit. "Flight alone * * * or even in conjunction with equivocal circumstances that might justify a police request for information (*see, People v Hollman*, 79 NY2d 181, 190; *People v De Bour*, 40 NY2d 210, 218-220), is insufficient to justify pursuit because an individual has a right 'to be let alone' and refuse to respond to police inquiry (*see, People v May*, 81 NY2d 725, 727-728)" (*People v Holmes*, 81 NY2d 1056, 1058; *see also, People v Howard*, 50 NY2d 583, *cert denied* 449 US 1023; *People v Hooper*, 245 AD2d 1020; *People v Hope*, 237 AD2d 885, *lv denied* 90 NY2d 859). Defendant's act of discarding the jacket during the chase " 'was spontaneous and precipitated by the illegality' of the police conduct (*People v Wilkerson*, 64 NY2d 749)" (*People v Hooper, supra*, at 1021). Thus, we grant the motion to suppress and dismiss the indictment charging defendant with criminal possession of a weapon in the third degree (two counts) (Penal Law § 265.02 [3], [4]) and unlawful posses-

sion of marihuana (Penal Law § 221.05). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Green, Pigott, Jr., Balio and Boehm, JJ.