THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY JOHNSON, Appellant. [849 NYS2d 82]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered August 30, 2005, convicting him of criminal possession of a weapon in the second

degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kohm, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At the suppression hearing, the arresting officer testified that while on patrol he saw, from a distance of approximately 10 to 15 feet, that the butt of a gun protruded from the defendant's left pants pocket. The defendant admitted he possessed the gun but denied that it was in his pocket, stating that it was in his belt, which was concealed by an oversized shirt and coat he was wearing. The hearing court credited the arresting officer's account and found the defendant's testimony incredible. We affirm.

Issues of credibility are primarily for the hearing court, which had the peculiar advantage of having seen and heard the witnesses, and its determination will not be disturbed on appeal unless "manifestly erroneous or so plainly unjustified by the evidence that the interests of justice necessitate their nullification" (*People v Miret-Gonzalez,* 159 AD2d 647, 649 [1990]; *see People v Grajales,* 187 AD2d 631, 632 [1992]; *People v Rodriguez,* 164 AD2d 824, 825 [1990]; *People v Garafolo,* 44 AD2d 86, 88 [1974]). Contrary to the defendant's contention, the arresting officer's testimony was not tailored to nullify constitutional objections (*see People v James,* 19 AD3d 617, 618 [2005]; *People v Grajales,* 187 AD2d 631, 632 [1992]). Nor was it manifestly untrue, physically impossible, contrary to experience, or self-contradictory (*see People v Gamble,* 267 AD2d 400 [1999]; *People v Abreu,* 196 AD2d 717, 718 [1993]; *People v White,* 173 AD2d 231 [1991]; *see also People v James,* 19 AD3d 617, 618 [2005]; *People v Lassiter,* 161 AD2d 605 [1990]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of criminal possession of a weapon in the second degree. The jury was entitled to presume that the defendant, in possessing a loaded and operable firearm, intended to use it unlawfully against another (*see* Penal Law § 265.15 [4]; *People v Pons,* 68 NY2d 264, 268 [1986]; *People v Berry,* 5 AD3d 866, 868 [2004]; *People v Topsy,* 265 AD2d 353 [1999]; *People v Wooten,* 149 AD2d 751 [1989]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v*

*Naughton,* 281 AD2d 494 [2001]). Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.