■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered August 14, 1984, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Di Tucci, J.), after a hearing, of that branch of the defendant's omnibus motion which sought to suppress physical evidence and statements made to law enforcement officials.

Judgment affirmed, and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant had no reasonable expectation of privacy in the public street area adjacent to his automobile *(cf. People v Class,* 63 NY2d 491, *revd on other grounds* 475 US —, 89 L Ed 2d 81). Thus, he lacks standing to challenge the constitutionality of the seizure by the police of the paper bag containing narcotics which was found in that area *(see, People v Ponder,* 54 NY2d 160, 166; *People v Collier,* 107 AD2d 754). In any event, an examination of the record indicates that probable cause existed for the defendant's arrest. Moreover, the defendant's postarrest statement made by him during a telephone

call which was overheard by the arresting officer who was not deliberately eavesdropping, was voluntary and spontaneous. Thus, even though this statement was apparently made prior to the defendant's being given *Miranda* warnings, it was plainly not the result of custodial interrogation and the hearing court properly declined to suppress it *(see, People v Torres,* 21 NY2d 49; *cf. People v Harris,* 57 NY2d 335, 341-342).

The defendant made no objection at trial to the court's instructions on "constructive possession". Thus, his present claim that the court's instructions were prejudicial and improper is not preserved for appellate review (CPL 470.05 [2]; *People v Gonzales,* 77 AD2d 654, *affd* 56 NY2d 1001). In any event, this claim lacks merit. The court's charge correctly defined "constructive possession", and properly focused the jury's attention on the specific factual issues raised by the evidence with regard to whether the defendant had constructive possession of the narcotics seized by the police *(see, People v Newman,* 46 NY2d 126, 130).

Finally, an appellate court may only overturn a conviction on the ground of insufficiency of the evidence if, upon viewing the evidence in the light most favorable to the prosecution, it concludes that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt *(People v Contes,* 60 NY2d 620, 621; *People v Bigelow,* 106 AD2d 448, 449). In this case, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt on each of the counts of criminal possession of a controlled substance in the third degree. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.