■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK TOUSSAINT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), entered January 16, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial,

after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

Since the officers observed the defendant on the street with a gun which the defendant refused to drop after being ordered to do so, the officers had probable cause for his arrest (CPL 140.10 [1] [a]). The seizure of the weapon was incident to a lawful arrest (see, People v Weintraub, 35 NY2d 351). The bullets which were subsequently recovered from the defendant's shirt pocket at the precinct were properly seized pursuant to a routine inventory search (see, People v Gonzalez, 62 NY2d 386; People v Troiano, 35 NY2d 476). Suppression of these items was, therefore, properly denied.

Viewing the evidence adduced at trial in the light most favorable to the People, we find that it was legally sufficient to support the defendant's conviction of the crime charged (People v Lewis, 64 NY2d 1111; People v Conyers, 130 AD2d 677). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the court's charge to the jury deprived him of a fair trial is unpreserved for our review (CPL 470.05 [2]; People v Thomas, 50 NY2d 467; People v Gonzalez, 97 AD2d 423). In any event, we find this contention to be without merit. Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.