■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MOISES FIGUEROA, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Giaccio, J.), dated December 3, 1985, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to the police.

Ordered that the order is reversed, on the law and the facts, the aforementioned branches of the motion to suppress on the ground that the police lacked probable cause to arrest are denied, and the case is remitted to the Supreme Court, Queens County, for a determination of the defendant's Fifth Amendment claim and all further proceedings.

On the night of May 30, 1985, plain-clothes Police Officers Paul Van Eyken and Anthony Viggiani were on patrol in an unmarked car in the area of 39th Avenue and 104th Street in Queens, a known drug-sale location. Officer Van Eyken, from his position in the front passenger's seat, observed a group of men on the corner. One of the men held a piece of white paper to his face and appeared to sniff it. Based on his training and experience in narcotics law enforcement, Officer Van Eyken recognized the paper as a "pyramid paper" which he knew to be a common way of packaging narcotics. The man who had sniffed the paper then passed it to the defendant who also put his face to the paper and appeared to sniff. Officer Van Eyken quickly got out of the car, approached the defendant and took the paper from him. After observing a residue of white powder on the paper, the officer arrested the defendant and patted down his outer clothing. The officer felt a

bulge at the defendant's ankle and, upon lifting the pants leg, he found a plastic bag containing 15 smaller plastic bags, all containing a white powder which the officer believed to be cocaine. After his arrest, but before being advised of the *Miranda* warnings, the defendant told the officers that he "knew he did wrong and he would not do it again".

We are satisfied, from the totality of the circumstances of this case, that there was sufficient information to lead a reasonable person who possessed the same expertise as the officer to conclude that a crime was being committed and, therefore, probable cause to arrest existed *(see, People v McRay,* 51 NY2d 594; *People v Luccioni,* 120 AD2d 617, *lv denied* 68 NY2d 771). The personal observations of the trained and experienced police officer, including the exchange of and apparent sniffing from a folded piece of paper of the type commonly used to package narcotics, on a street corner known for narcotics transactions, were sufficient to establish probable cause *(see, People v Robinson,* 133 AD2d 473; *People v Balas,* 104 AD2d 1039). Therefore, the Supreme Court erred in suppressing the physical evidence and the defendant's statement on this ground.

The question of the voluntariness of the defendant's statement was not reached by the hearing court. Accordingly, the case is remitted for a determination of that issue and all further proceedings. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.