■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TOMMY MILLS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (O'Brien, J.), dated March 31, 1988, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed.

The People's sole witness at the suppression hearing was the arresting officer, James Sikorski. He testified that he witnessed one man approach a person who was subsequently identified as the defendant. He observed the defendant give the other man something in exchange for what appeared to be United States currency. In critical testimony on cross-examination, Officer Sikorski stated:

"Sikorski: I remember a litter shimmer, a reflection from the street light. That is all I remember. * * *

"[Defense counsel]: So what you saw was a shimmer of light? * * *

"Sikorski: Yes. * * *

"[Defense counsel]: Now you didn't actually see the object itself but rather the shimmer of light from it?

"Sikorski: Correct."

The officer did not observe the actual object which was passed from the defendant to the other man and it is not reasonably inferable from seeing a shimmer of light that the object passed was a glassine envelope. To establish probable cause to arrest the defendant in this case for a narcotics violation there had to exist indicia that a drug transaction was taking place, other than the fact that the exchange took place in a drug-prone area and was observed by an experienced officer (cf., People v Bittner, 97 AD2d 33). As no such indicia existed in this case, the order appealed from must be affirmed. Bracken, J. P., Lawrence and Balletta, JJ., concur.

Weinstein, J., dissents and votes to reverse the order appealed from and deny that branch of the defendant's omnibus motion which was to suppress physical evidence, with the following memorandum: I take issue with the hearing court's determination that the arrest of the defendant was not predicated upon probable cause. Rather, I am satisfied, from the totality of circumstances of this case, that there existed sufficient information to lead a reasonable and prudent person who possessed the same expertise as the arresting officer to conclude that a crime was being committed (see, People v McRay, 51 NY2d 594; People v Figueroa, 134 AD2d 277, 278).

The arresting officer, a trained and experienced veteran, identified the vicinity in which the arrest had occurred as a location in which he had observed numerous drug-related activities in the past. The vantage point from which the officer made his observations was illuminated by yellow lights. The lighting conditions were described as excellent. In attempting to describe precisely what he had observed, the officer testified that he saw a black male approach the defendant, who was clad in a black jacket and tan pants. In exchange for currency proffered by the former, the defendant passed over a small item, which was approximately 1½-inch square and which shimmered in the light. Based upon his training and experience as a police officer, the witness believed the item to be a glassine envelope. The officer thereafter arrested the defendant for criminal sale of a controlled substance. A search of the defendant revealed 36 glassine envelopes and $552.36 in cash.

In my view, the personal observations of this trained and experienced police officer, including the aforesaid suspicious exchange in a drug-prone location, were sufficient to establish probable cause for the arrest of the defendant (see, People v Figueroa, supra; People v Balas, 104 AD2d 1039, 1040). The fact that the arresting officer's testimony was that he saw what he "believed * * * to be" a glassine envelope does not detract from the strength of the People's case. This court has previously found probable cause to arrest where the police observed "what appeared to be two white envelopes" in an area renowned for drug trafficking in which there was an exchange of currency (see, People v Brown, 124 AD2d 592, lv denied 69 NY2d 744). Probable cause to arrest was likewise found to exist in People v Bittner (97 AD2d 33) based upon an experienced police officer's observations of two identical transactions in which the defendant, who remained in his motor vehicle, passed an unidentified object to an individual who had

approached the defendant and engaged him in brief conversation, in exchange for what appeared to be currency. Upon receipt of the unidentified object, the purchaser held it up to his nose and appeared to be smelling it. Case law clearly indicates a willingness to overlook the absence of the recognized hallmark of a narcotics transaction, i.e., the passing of glassine envelopes, in favor of "the realities of everyday life unfolding before a trained officer who has to confront, on a daily basis, similar incidents" *(People v Cabot,* 88 AD2d 556, 557).

In the instant case, the arresting officer's belief that the item passed by the defendant in exchange for currency was a small glassine envelope was credible in that the exchange occurred in a location where the officer had previously observed numerous drug transactions. Based upon these observations, as well as the officer's expertise and past experience, "there [was] no sound basis for resisting as a matter of law the inference of probable cause" *(People v McRay,* 51 NY2d 594, 605, *supra).* Accordingly, I conclude that the court erred in suppressing the physical evidence sought to be introduced on the ground that the police lacked probable cause to arrest the defendant.