■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELVIN OWENS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Savarese, J.), dated June 7, 1989, which granted that branch of the defen-

dant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The only witness to testify at the suppression hearing was a specially trained narcotics officer who had been on the New York City police force for 19½ years. The officer had previously made approximately 40 drug-related arrests, including 15 arrests at the location where, on November 12, 1988, at around 1:40 A.M., he and a companion officer arrested the defendant and a cohort. Prior to the arrest, the officer observed the defendant and his cohort through binoculars as they stood in the foyer of an apartment building. The door of the apartment building remained closed, but the top half of the door was missing the pane of glass intended to be there. At approximately 1:13 A.M., the defendant's cohort passed an object from the opening of the upper portion of the door to an individual who did not enter the building. That individual handed back what the arresting officer testified was United States currency and left. Several minutes later, the defendant again, from the same area, passed an object to a female who passed back United States currency and who put the object in her mouth and left. Two more similar exchanges took place with other unapprehended buyers before the arrests were made.

We agree with the hearing court that the experience of the arresting officer and the fact that the location of the arrest was known for drug transactions do not without more provide probable cause for the arrest (see, People v Mills, 145 AD2d 578). However, we conclude from the totality of the circumstances, including the hour and the number of observed hand-to-hand transactions, that the arresting officers observed illicit dealings rather than innocent encounters (see, People v McRay, 51 NY2d 594, 604; see, People v Bittner, 97 AD2d 33). We find there was probable cause to arrest the defendant and the hearing court should have denied that branch of the defendant's application which was to suppress the drugs seized from his person in the search incident to the lawful arrest (see, People v Bittner, supra). Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.