■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered April 12, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention on appeal, we find no basis to disturb the Supreme Court's determination that the defendant was not entitled to a Mapp/Dunaway hearing. The defendant's allegations were insufficient to raise an issue concerning the probable cause for his arrest pursuant to a so-called "buy and bust" operation, and the subsequent search and seizure leading to the recovery of crack cocaine on or near his person (see, CPL 710.60 [1]; People v Innis, 161 AD2d 730). "In the absence of any factual allegations based upon personal knowledge, or based upon information and belief, the summary denial of that branch of the defendant's motion which was for suppression was entirely appropriate, as no factual issues warranting a hearing were presented in the defendant's motion papers" (People v Pavesi, 144 AD2d 392, 393).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.