■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL FARLEY, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (George, J.), dated December 19, 1990, which granted those branches of the defendant's omnibus motion which were to suppress narcotics and currency.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendant's omnibus motion which was to suppress narcotics and substituting therefor a provision denying that branch of the defendant's omnibus motion; as so modified, the order is affirmed.

The record reveals that the defendant moved, inter alia, to suppress narcotics and currency recovered by the police in connection with this case. With respect to the narcotics, the defendant submitted conclusory allegations of his counsel to the effect that the defendant had an unspecified possessory interest in the drugs and that he had been compelled to release the narcotics as a result of unlawful police conduct. The prosecution opposed the motion and sought the summary denial of that branch of the defendant's omnibus motion which was to suppress the drugs and currency, inter alia, on the ground that the defendant had failed to allege any facts demonstrating that he had standing to challenge the seizure of the drugs from some bushes located near the area where he was arrested. The Supreme Court granted the defendant's

motion to the extent of directing that a hearing be conducted as to the admissibility of the currency recovered from the defendant's person. The court denied the motion with respect to the narcotics, observing that "the defendant has failed to establish his standing to challenge the seizure of any other property".

Subsequently, a combined *Dunaway/Mapp* hearing limited to the issue of the admissibility of the currency was conducted. Thereafter, the court issued an order finding that the defendant's arrest was not supported by probable cause. Accordingly, the court suppressed the currency which had been recovered pursuant to that arrest. Additionally, in an unexplained departure from its prior determination, the court also suppressed the 21 vials of crack cocaine recovered by the police, reasoning that "the Court's finding that the arrest was illegal dictates that all physical property in this case be suppressed".

The Supreme Court was correct in its initial summary denial of the application to suppress the narcotics on the ground of lack of standing. The papers submitted in support of the motion were devoid of specific factual allegations establishing the defendant's standing and merely claimed in conclusory fashion that the defendant had a possessory interest in the narcotics. Hence, the allegations were patently inadequate and justified the summary denial of the application *(see,* CPL 710.60 [1], [3]; *People v Gomez,* 67 NY2d 843; *People v Innis,* 161 AD2d 730; *see generally, People v Williams,* 170 AD2d 551; *People v Pavesi,* 144 AD2d 392). Moreover, we find unpersuasive the defendant's contention that the evidence adduced during the People's direct case at the suppression hearing sufficed to demonstrate his standing *(cf., People v Gonzalez,* 68 NY2d 950). Indeed, there was absolutely no testimony at the hearing which established any direct possessory interest of the defendant in the narcotics. Rather, the police sergeant who testified at the hearing stated only that the defendant repeatedly approached a specific area of a flower box in a public location where the narcotics subsequently were discovered. The witness did not testify that he observed the defendant actually possess or even touch the narcotics. Consequently, there are no facts in the hearing record establishing that the defendant had a legitimate expectation of privacy either in the narcotics themselves or in the public area from which they were seized *(see, e.g., People v Goodwine,* 177 AD2d 708; *People v Lee,* 120 AD2d 678; *People v Delmonico,* 94 AD2d 773). Inasmuch as the defendant's standing to challenge the

seizure of the narcotics never was established, the Supreme Court erred in suppressing this evidence.

However, we agree with the Supreme Court's determination that the defendant's arrest was not supported by probable cause. There is sufficient evidence in the hearing record to sustain a finding that the defendant was placed under arrest when he was first approached by the police and prior to the recovery of the narcotics. While the police observed several individuals approach the defendant and engage in hand movements with him, they did not witness any exchange of objects or currency between the defendant and these individuals *(cf., People v Owens,* 155 AD2d 696), nor did they observe any "hallmark" evidence of an illicit narcotics transaction *(cf., People v Goggans,* 155 AD2d 689). Under these circumstances, there was no probable cause to support the arrest or detention of the defendant *(see, e.g., People v Bennett,* 170 AD2d 516; *People v Washington F.,* 167 AD2d 554; *People v Batista,* 156 AD2d 455; *People v Mills,* 145 AD2d 578). Accordingly, the suppression of the currency recovered from the defendant's person pursuant to the unlawful arrest was appropriate.

We do not consider the People's "independent source" contention, since this theory was not advanced at the hearing level *(see, People v Stith,* 69 NY2d 313; *People v Dodt,* 61 NY2d 408). Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.