■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO JONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered December 6, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal posses-

sion of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was observed by an experienced detective in a location known for drug-related activity engaging in short conversations and hand-to-hand contact with several persons. The detective had known the defendant for approximately 13 years and knew that he had sold narcotics on a prior occasion. The detective testified that the defendant seemed to be making exchanges while at the same time "looking up and down" furtively. Shortly thereafter, the detective saw the defendant hand an unidentified object to an individual in exchange for currency. Moments later, that individual was apprehended and found to be in possession of a vial of cocaine which he said that he had purchased from someone on the street. The defendant was thereafter arrested in the vicinity of the sale by a member of the back-up team who had received a radio transmission describing the defendant and the location of the sale, as well as revealing that the buyer had been apprehended and found to be in possession of drugs.

Contrary to the defendant's contention, we conclude that there was probable cause for his arrest. The detective was allowed to "draw upon the entirety of [his] experience and knowledge" in determining that there was probable cause for the defendant's arrest (People v Brown, 151 AD2d 199, 203). The detective testified that his prior experience in drug surveillance together with his observation of the defendant's activities, led him to believe that the defendant was engaging in the sale of drugs even prior to the officer's encounter with the drug buyer. The detective's observations of prior repeated suspicious transactions in a location known for drug trafficking, together with all the facts and circumstances in this case were sufficient to lead a reasonable person to conclude that the defendant had sold drugs to the buyer (see, People v Owens, 155 AD2d 696; People v Brown, 124 AD2d 592; People v Bittner, 97 AD2d 33; People v Small, 144 Misc 2d 560; cf., People v Batista, 156 AD2d 455).

Further, we find unpersuasive the defendant's contention that the People failed to prove his guilt beyond a reasonable doubt. Viewing the evidence adduced at trial in the light most

favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]; *see also, People v Glass,* 179 AD2d 774). The fact that no drugs were recovered from the defendant upon his arrest does not demonstrate that the verdict rendered by the jury was erroneous *(see, People v Griffith,* 171 AD2d 678, 679).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.