■ The People of the State of New York, Respondent, v John Banker, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered December 6, 1990, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant argues that the court erred when it denied, without a hearing, the branch of his omnibus motion which was to suppress burglars' tools. We disagree.

In support of the motion, the defendant's attorney filed an affirmation alleging that the defendant was arrested one block from the scene of the alleged crime and that a screwdriver, crowbar, and flashlight belonging to the defendant were recovered from under a piece of cardboard where the defendant had placed them earlier. The People responded by alleging that the defendant was arrested as he was partially through a window of a bar from which he was escaping and that the burglars' tools were found on the windowsill.

While the allegations create a factual dispute, we find that the defendant did not have a reasonable expectation of privacy in the tools, which were either hidden under a piece of cardboard on a public street, as the defendant contends (see, People v Goodwine, 177 AD2d 708), or in plain view on a windowsill, as the People contend.

The sentence imposed by the court was not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.