■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE MORALES and ROBERT MUNOZ, Respondents. [603 NYS2d 50] —Appeal by the People from an order of the Supreme Court, Kings County (Jones, Jr., J.), dated May 5, 1992, which, after a hearing, granted those branches of the defendants' respective omnibus motions which were to suppress physical evidence.

Ordered that the order is reversed, on the law, and those branches of the defendants' respective omnibus motions which were to suppress physical evidence are denied.

On September 17, 1991, Police Officer Levitsky was patrolling alone in uniform in an area that included Manhattan Avenue and Green Street in Brooklyn, an area known for heavy narcotics trafficking based on the numerous complaints of local merchants.

From a vantage point in a store, Levitsky observed three persons, from a distance of 25 to 50 feet and over a period of 15 to 20 minutes, separately approach the defendants and engage in brief conversations. On two of the three occasions, the defendant Morales left the place of the conversation and walked about 15 feet to a car parked on Green Street. In each of those instances, Morales retrieved a small crumpled paper bag which was on the ground next to the passenger-side, rear tire of the car. On both occasions, after opening and reaching into the bag, Morales returned the bag to the ground and touched hands with the person who then left. On the third occasion, the defendant Munoz had a conversation with a third person, retrieved the bag, and clasped hands with the other person who then left.

While Officer Levitsky did not see what the defendants had

removed from the bag and exchanged with the other persons, he believed, based upon his experience, that narcotics transactions had just taken place. Levitky called for assistance, transmitting a description of the defendants. He then left his observation post and walked to the curb whereupon he recovered the paper bag in which he found 18 vials containing a "white rock substance". Thereafter, Officer Levitsky arrested the defendants and removed $10 from Morales' pocket.

Considering the foregoing facts, which are factually indistinguishable from *People v Goodwine* (177 AD2d 708), the order of the Supreme Court must be reversed. The evidence failed to show that either of the defendants had any reasonable expectation of privacy in the bag that was recovered from the curb *(see also, People v Banker,* 187 AD2d 602; *People v Farley,* 184 AD2d 726; *People v Lee,* 120 AD2d 678). In any event, based on the observations of Police Officer Levitsky and the logical inferences that flow therefrom, his conduct in retrieving the bag from the ground and arresting the defendant did not constitute an unreasonable governmental intrusion *(see, People v Goodwine, supra).* Furthermore, the $10 that was recovered from Morales's pocket was recovered incidental to a lawful arrest *(see, People v Gonzalez,* 62 NY2d 386; *People v Toussaint,* 133 AD2d 869). Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.