■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MEREDITH, Appellant. [607 NYS2d 979] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered August 26, 1991, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On October 4, 1990, at approximately 11:00 A.M., an unidentified woman walked into the 83rd Precinct and advised Police Officer Raymond Jeszeck that a black man whose name was thought to be "Larry" or "Lenny," wearing a beige Le Tigre shirt, jeans, and sneakers was selling narcotics on the northeast corner of Wilson and Schaefer Avenues.

Upon receiving that information, Officer Jeszeck went to the location. From a vantage point atop of a building overlooking Wilson and Schaefer Avenues, he observed the appellant, who generally fit the description that had previously been given to him. About 10 minutes later, a woman, who was riding a bicycle, approached the appellant and handed him some money. The appellant then went over to a telephone pole that was about 10 feet away, removed a brown paper bag from beneath a cover designed to conceal wires, and withdrew something from the paper bag. The appellant then handed the object to the woman on the bicycle. The woman then rode away.

Officer Jeszeck radioed a description of the woman to his backup team. The backup team intercepted the rider but failed to recover any narcotics, a fact that Jeszeck was advised of.

A few minutes later, another woman approached the appellant and handed him some money. Once again, the appellant went over to the telephone pole, retrieved the paper bag, removed an object, and touched hands with the second woman. That woman then walked away.

Officer Jeszeck and his backup team then drove to the corner of Wilson and Schaefer Avenues, where they detained the appellant, and placed him against the police vehicle. The

appellant was patted for weapons while Jeszeck went to the telephone pole. Jeszeck then retrieved the bag, looked inside, and found 17 vials of crack cocaine. The appellant was then arrested and searched, whereupon $124 was recovered from his pockets.

Considering the foregoing set of facts, which are indistinguishable from the facts of *People v Morales* (197 AD2d 710) and *People v Goodwine* (177 AD2d 708), the denial of suppression was proper. The evidence failed to show that the appellant had any reasonable expectation of privacy in the bag that was recovered from inside the telephone pole *(see also, People v Banker,* 187 AD2d 602; *People v Farley,* 184 AD2d 726; *People v Lee,* 120 AD2d 678). In any event, based upon the observations of Police Officer Jeszeck of what appeared to be illicit narcotics transactions *(see, e.g., People v Morris,* 193 AD2d 819; *People v Holton,* 160 AD2d 729), and the logical inferences that flow therefrom, his conduct in retrieving the bag from the ground did not constitute an unreasonable governmental intrusion *(see, People v Goodwine, supra).* Furthermore, the recovery of $124 from the appellant's pocket was incidental to a lawful arrest *(see, People v Gonzalez,* 62 NY2d 386; *People v Morales, supra).* Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.