■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH LITTLE, Appellant. [611 NYS2d 600] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 6, 1992, convicting him of criminal sale of a controlled substance in third degree (four counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of his omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant's conviction results from his sales of vials of crack cocaine to several individuals during approximately a

one-hour period, as well as the recovery from him of eight vials of crack cocaine at the time of his arrest. The defendant's actions were observed by an experienced narcotics police officer, using binoculars, who was stationed on the roof of a seven-story building approximately one block away.

The back-up team arrested the defendant, as well as four of the five individuals who had been observed buying drugs from him.

While processing the arrest paperwork at the police precinct, the officers discussed the order in which the buyers had approached the defendant. The defendant, who was in a holding cell approximately three feet away with the four buyers who had been apprehended, interjected: "I did not sell to those, those [sic] guys. I sold to him and him", indicating two of the four individuals who had been arrested.

On appeal the defendant contends that there was no probable cause for his arrest and, therefore, that the eight vials recovered from him should have been suppressed. The defendant further argues that the spontaneous statement he made without the benefit of *Miranda* warnings should also have been suppressed, since the police officers knew or should have known that their discussions were reasonably likely to elicit a response from him. We disagree.

The testimony of an experienced narcotics police officer concerning his observation of the multiple exchanges of objects and of a red heat-sealed plastic bag for currency, which he reasonably believed to be drug transactions, was sufficient to provide probable cause for the defendant's arrest *(see, People v Pinkston,* 163 AD2d 334; *People v Owens,* 155 AD2d 696; *People v Zarzuela,* 141 AD2d 788). Consequently, the search of the defendant, which resulted in the recovery from him of eight vials of crack cocaine, was incident to a lawful arrest.

The evidence also shows that the defendant's statement while in the detention cell, was not the product of interrogation or its functional equivalent. The police officers' discussions were not of a nature such that they should have known they were reasonably likely to elicit a response from the defendant. Consequently, the defendant's statements were made with genuine spontaneity, without apparent external cause *(see, People v Betancourt,* 173 AD2d 481; *People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786; *cf., People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007). Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.