■ In the Matter of FRANCHON J., a Person Alleged to be a Juvenile Delinquent, Appellant. [616 NYS2d 385] —In a proceeding pursuant to the Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Palmer, J.), entered April 20, 1991, which, upon a fact-finding order of the same court, dated January 16, 1991, finding that the appellant committed an act, which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the fifth degree, after a hearing, adjudicated the appellant a juvenile delinquent and imposed a conditional discharge of 12 months. The appeal brings up for review the fact-finding order dated January 16, 1991, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On August 20, 1991, at approximately 9:30 P.M., a police officer observed the appellant and another individual standing in the rear of a public housing project in Brooklyn. According to the officer, during the course of approximately 10 minutes, the officer saw between 5 and 10 persons approach the appellant and his companion; each person handed some money to the appellant's companion and, in return, the appellant passed a small object to each of these 5 to 10 persons. The evidence tended to show that the location where these transactions occurred was the scene of frequent illegal drug sales. Based on his observations, this officer arrested the appellant and recovered evidence during the course of a search incident to the arrest.

On appeal, the appellant argues that the testimony of the officer to the effect that he had seen 5 to 10 transactions is

incredible as a matter of law, because this testimony contradicts certain notations contained in the officer's memo book, as well as in a complaint form and in a supporting deposition. We disagree with this argument.

The officer's notes do not necessarily contradict his sworn hearing testimony that there were at least five transactions. These notes merely fail to specify the exact number of transactions which occurred. While the notes do not explicitly reveal the occurrence of multiple transactions, they are not inconsistent with the hypothesis that multiple transactions in fact took place. We agree with the Corporation Counsel that "it was not unreasonable for [the] Officer * * * to include in these documents only a portion of what he observed". In sum, the officer was not incredible as a matter of law, or as a matter of fact.

We also disagree with the appellant's argument that, even if the officer's testimony is accepted, it fails to establish the existence of probable cause. When a police officer stationed in a location known for drug trafficking observes a suspect participate in a rapid series of hand-to-hand transactions, involving the exchange of money for a small object, there is probable cause to believe that the suspect is selling narcotics (see, e.g., People v Little, 204 AD2d 351; People v Jones, 186 AD2d 681; People v Owens, 155 AD2d 696; see also, People v Bittner, 97 AD2d 33).

For these reasons, the order of disposition is affirmed. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.