■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN DANIELS, Appellant. [629 NYS2d 481] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered October 23, 1992, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branches of the defendant's omnibus motion which were to suppress his statement made to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had probable cause to arrest him. The circumstances included an anonymous tip which provided an accurate location and description of the defendant, Detective Smith's experience in narcotics investigations and his observation of two identical night-time transactions in which a person passed money to the defendant in exchange for an unknown object in an area known for narcotics-related activity. The defendant, in both instances, had reached up to a windowsill before making the exchange. Under all of these circumstances, the hearing court properly determined that the arresting officers had probable cause to believe that the defendant had engaged in illegal drug transactions (*see, People v Starling*, 85 NY2d 509; *People v Montano*, 207 AD2d 913; *People v Brown*, 175 AD2d 952; *People v Owens*, 155 AD2d 696; *People v Brown*, 151 AD2d 199; *see also, People v Graham*, 215 AD2d 256). Therefore, the hearing court properly denied the branches of the defendant's omnibus motion which were to suppress the defendant's statement and physical evidence obtained subsequent to his arrest.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt and Thompson, JJ., concur.

O'Brien, J., dissents and votes to reverse the judgment, grant the branch of the defendant's omnibus motion which was to suppress physical evidence, and dismiss the indictment. The police received an anonymous call on their drug "hotline" that an individual was selling narcotics in a municipal parking lot. The caller provided a description of the alleged seller. In response to the call, a plainclothes detective observed the parking lot through binoculars from a distance of about 50 yards. After about five minutes, he saw the defendant, who fit the description provided by the caller, walk into the driveway of the parking lot. The defendant was accompanied by another man. Both men walked to the rear window of an apartment adjacent to the parking lot. The defendant reached up and "appeared to take some type of object", which the detective could not see, from the windowsill. The detective saw the second man "appear to take something" from the defendant, and then the second man handed what "appeared to be some type of paper money" to the defendant. The detective concluded that money was exchanged because the paper "had a shape like U.S. currency, from what I could see". About 15 minutes later, the detective observed a similar transaction between the defendant and a third man. In both instances, the detective stated that he never actually saw the defendant give anything to the alleged buyer nor did he actually see the defendant remove anything from the windowsill.

After the second incident, the defendant was approached by the police as he walked away from the area and was immediately arrested and searched. A chunk of cocaine wrapped inside a $5.00 bill was found in his pants pocket. Upon a subsequent search of the windowsill, two "small pieces" of cocaine were discovered. The defendant was charged with criminal possession of a controlled substance in the third degree (possession with intent to sell) and criminal possession of a controlled substance in the seventh degree, a misdemeanor. The defendant was convicted of the misdemeanor offense only.

I disagree with my colleagues' conclusion that there was probable cause to arrest the defendant. Probable cause may arise when an experienced officer observes the delivery of an object which constitutes the hallmark of a drug transaction in an area known for narcotics-related activity (see, People v McRay, 51 NY2d 594). Here, there was no description whatsoever of any "object" that the defendant may have handed to the

other two men. All that the plainclothes detective observed was what perhaps could be characterized as furtive behavior. As the police did not observe the exchange of any identifiable object, let alone one which could be considered a "hallmark" of a drug transaction, the defendant's actions were certainly susceptible of an innocent interpretation, and the police did not have probable cause to arrest him (*see, e.g., People v Farley*, 184 AD2d 726; *People v Wilson*, 175 AD2d 15; *People v Batista*, 156 AD2d 455; *People v Mills*, 145 AD2d 578). The evidence that the parking lot was in an area known for drug-related arrests and that the officers involved in the arrest had expertise in narcotics cases was insufficient to elevate the circumstances to probable cause in the absence of any other reliable indicia of a drug transaction (*see, People v Mills, supra*). Since the defendant's arrest was unlawful, the cocaine found on his person should have been suppressed (*see, People v Farley, supra*).

The defendant does not argue on appeal that the cocaine found on the windowsill also should be suppressed as the product of the illegal arrest. He contends, however, that, if the cocaine found on his person is suppressed, the indictment should be dismissed. I agree. The counts in the indictment do not distinguish between the cocaine found in the defendant's pocket and the cocaine found on the windowsill. In its charge on criminal possession of a controlled substance in the third degree, the court instructed the jurors, *inter alia*, that, if the People failed to prove that the defendant had actual physical possession of the cocaine allegedly seized from his pocket, they were to determine if he had constructive possession of the cocaine found on the windowsill. In view of the language of the charge, the defendant's argument that his acquittal of the count of criminal possession in the third degree constituted a determination by the jury that the People failed to prove that he had constructive possession of the cocaine on the windowsill is valid.

Accordingly, I would grant the defendant's motion to suppress the cocaine found on his person, reverse his conviction, and dismiss the indictment.