■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH HOOVER, Respondent. [653 NYS2d 955] —Appeal by the People from an order of the Supreme Court, Kings County (Silverman, J.), dated May 13, 1996, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement to police.

Ordered that the order is reversed, on the law, and those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement to police are denied.

On the evening of May 31, 1995, two undercover narcotics detectives were assigned to arrange "beeper buys" from a public telephone located in the Bensonhurst section of Brooklyn. Upon arriving at the designated pay telephone, one of the few public telephones in Bensonhurst which had not been blocked from receiving incoming calls, the primary undercover officer placed several calls to beeper numbers in the hope of arranging to purchase narcotics from individuals who responded to his page. While the primary officer was waiting for the individuals he had paged to call back, a white truck driven by the codefendant Mario Valente pulled up, and Valente exited his truck to use the pay telephone. After Valente dialed a beeper number and hung up, the primary officer asked him whether his "person" was reliable, and Valente replied that his person usually called right back. When the pay telephone rang in response to Valente's page, Valente answered the telephone, and the primary officer overheard him state, "I need one". After this brief conversation, Valente returned to his truck and drove away.

Based upon his experience and his observations of Valente, the primary officer notified his field team that Valente was going to "get done", i.e., purchase narcotics. The undercover officer assigned to act as the primary officer's "ghost" then followed Valente's truck to a location a short distance away, where Valente pulled over and parked. A "couple of minutes" later, a blue Oldsmobile driven by the defendant pulled up and parked near Valente's truck. Valente then approached the defendant's vehicle, and the ghost officer saw Valente hand the defendant what appeared to be money. Although the defendant handed something in return to Valente, the ghost officer could not see what this object was. Immediately after this exchange, both Valente and the defendant drove away. The ghost officer then followed the defendant's vehicle until it stopped for a light, approached the vehicle with his gun drawn, and ordered the defendant to step outside his vehicle and place his hands on the hood. The defendant's vehicle was then searched by another member of the field team, who recovered a bag of marihuana and 12 "twists" of paper containing cocaine.

After conducting a suppression hearing, the Supreme Court granted the defendant's motion to suppress, *inter alia*, the narcotics seized from his vehicle, concluding that the primary officer did not have an appropriate basis to believe that Valente had arranged to purchase drugs during his brief telephone conversation, and that the ghost officer's observation of a hand-

to-hand exchange between Valente and the defendant did not give rise to probable cause. We disagree. As a general rule, probable cause requires "not proof beyond a reasonable doubt * * * but merely information which would lead a reasonable person who possesse[d] the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v McRay*, 51 NY2d 594, 602). Moreover, in probable cause analysis, "the emphasis should not be narrowly focused on a recognizable drug package or any other single factor, but on an evaluation of the totality of the circumstances, which takes into account the 'realities of everyday life unfolding before a trained officer' " (*People v Graham*, 211 AD2d 55, 58-59, quoting *People v Cabot*, 88 AD2d 556, 557). Here, while the observations of the primary undercover officer, standing alone, did not constitute probable cause to believe that Valente had arranged a beeper buy from the public telephone, these observations must be considered together with the observations of the ghost officer who witnessed the hand-to-hand exchange between Valente and the defendant. Under all of these circumstances, the trained narcotics officers had probable cause to believe that the defendant and Valente had engaged in an illegal drug transaction (*see, People v Jones*, 219 AD2d 417, *lv granted* 88 NY2d 944; *People v Daniels*, 217 AD2d 662; *People v Graham, supra*). Accordingly, those branches of the defendant's omnibus motion which were to suppress his statement and physical evidence obtained subsequent to his arrest are denied. Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.