■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY BROWNING, Appellant. [678 NYS2d 332] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered April 22, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Rienzi, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Assuming for purposes of the suppression motion that the defendant's allegations were true and that the contraband was located beneath a crate on which the defendant was seated, the suppression court properly denied the motion without a hearing. The defendant failed to allege in his motion papers that he exercised any expectation of privacy in the crate that was searched (*see, People v Mendoza,* 82 NY2d 415). Even if the defendant had alleged that he had entertained an expectation of privacy, it is not reasonable to accord a privacy expectation to a crate in a public area (*see, People v Banker,* 187 AD2d 602).

The defendant failed to preserve for appellate review his objection to the background testimony concerning street-level drug transactions (*see, People v Tevaha,* 84 NY2d 879). In any event, the testimony was proper "to explain how so-called 'buy and bust' operations are conducted * * * how the officers conduct the actual purchase * * * and why prerecorded money is not always recovered" (*People v Brown,* 223 AD2d 597). Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.