OPINION OF THE COURT
John J. Connell, J.
The defendant, claiming to be aggrieved by an unlawful search and seizure, has moved to suppress physical evidence *93 seized by members of the Gates Police Department on August 27, 2002. A pretrial suppression hearing was conducted before me on this issue on March 3, 2003.
Findings of Fact
On August 27, 2002 the defendant was in a Gates Police Department holding cell after having been arrested on burglary, robbery and sexual assault charges concerning an August 26, 2002 incident.
At approximately 2:27 a.m. Officer Brian Ritchie of that department gave the defendant a Coca-Cola and a cigarette at the defendant’s request. Officer Ritchie had no conversation with the defendant concerning the charges against him. At 3:09 a.m. Officer Ritchie brought the defendant to an interview room to speak with Investigator Conradt. Before bringing him to the interview room, Officer Ritchie asked the defendant if he wanted anything to eat. The defendant accepted his offer for one of the microwave dinners that were available for prisoners at the police department. Between 3:09 a.m. and 3:24 a.m., while the defendant was in the company of Investigator Conradt, Officer Ritchie prepared the dinner. Upon his return to the holding cell at 3:24 a.m., the defendant was given the dinner and a plastic spoon with which to eat it. The defendant dined until 3:40 a.m., at which time Officer Ritchie asked him if he was finished with the meal. When the defendant responded that he was finished, the officer took the plate and spoon from the defendant. He then secured the spoon as evidence for DNA testing.
At the time the meal was given to the defendant, Officer Ritchie did not intend to collect the spoon. However, between 3:24 and 3:40 a.m. his lieutenant directed him to secure the spoon for DNA testing. Not surprisingly, the normal procedure would have been to dispose of the spoon and the plate in the trash. At the time the meal was provided to the defendant, Officer Ritchie was aware that the defendant had asserted his Miranda rights to Investigator Conradt and was not being interviewed further about the allegations.
Conclusions of Law
The defendant seeks suppression of the plastic spoon and the results of DNA testing on the spoon claiming that by providing the food and utensil and securing them after the meal was completed “law enforcement personnel violated fundamental principles of fairness,” which “were consciously conducted to *94 circumvent defendant’s assertion of his legal protections and were in violation of defendant’s state statutory rights and state and federal constitutional rights.” (Defense motion papers at 55.) Citing Wong Sun v United States (371 US 471 [1963]), the defendant claims that the DNA evidence derived from the seizure must be suppressed as fruit of the poisonous tree.
The defendant has the burden of establishing standing by showing a legitimate expectation of privacy in the premises or the object searched (People v Ramirez-Portoreal, 88 NY2d 99 [1996]; People v Wesley, 73 NY2d 351 [1989]; Rakas v Illinois, 439 US 128 [1978]; Katz v United States, 389 US 347 [1967]). Once the defendant establishes standing, the People have the burden to show that the defendant voluntarily discarded the property and, therefore, waived a legitimate expectation of privacy (People v Howard, 50 NY2d 583 [1980], cert denied 449 US 1023 [1980]).
Did the defendant in this case show an expectation of privacy “which society recognizes as reasonable” (People v Reynolds, 71 NY2d 552, 557 [1988])? The plastic spoon with which he ate his dinner was clearly a disposable item and was supplied to him by the police. Significantly, the meal took place in a holding cell in which the defendant was placed after having been charged with several violent felonies. It is unreasonable to assume that the police, in dealing with a defendant charged with the crimes under investigation, would be allowing him to retain* any of those items even if he had demanded to do so. It is unreasonable to believe that a person in the defendant’s position would believe that they had an expectation of privacy in the food and eating utensils provided by the police.
Even if it could be argued that the defendant had an expectation of privacy in the spoon, he clearly gave up that expectation when he voluntarily and knowingly discarded the spoon.
“Defendant’s intention to relinquish an expectation of privacy will be found if the circumstances reveal a purposeful divestment of possession of the item searched” (People v Ramirez-Portoreal, supra at 110).
There exists no expectation of privacy in garbage once the owner has relinquished the property (People v Ramirez-Portoreal, 88 NY2d 99 [1996]; People v Morales, 197 AD2d 710 [1993]). It is unlikely the defendant believed that he was discarding bodily fluids that would show his DNA profile when he disposed of his plate and plastic spoon. Nonetheless, he relinquished any expectation of privacy that he had concerning those items discarded.
*95 Accordingly, the defendant’s motion to suppress the spoon seized by the police as well as the DNA test results obtained from the spoon is in all respects denied.
This case is now placed on the trial calendar with a day certain of May 5, 2003.