OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Defendant challenges only the determination of the court below, after a hearing, to deny suppression of two vials of crack cocaine recovered from defendant’s hand following his apparent participation in a narcotics transaction. We note at the outset that defendant’s purported waiver of his right to appeal trial-related issues is not enforceable. The record does not reveal that the waiver was obtained “under constitutionally acceptable circumstances” (People v Callahan, 80 NY2d 273, 283 [1992]) as there is no indication that defendant “comprehended the nature of the waiver of appellate rights” (People v Lopez, 6 NY3d 248, 256 [2006]).
Turning to the merits, we find that the hearing court correctly denied defendant’s motion to suppress. At the hearing, the arresting officer testified as to his training in narcotics identification and trafficking, his experience with narcotics-related arrests, and the drug-prone nature of the situs of the arrest, including the trafficking and packaging of controlled substances on a nearly building-by-building basis in the vicinity of the arrest. The officer stated that while on the roof of a building in the Marcy Houses project, he observed the area in front of the lobby through binoculars and saw defendant give another male currency and receive “a slap on the hand” in return. Although the officer did not see what was exchanged for the currency, he recognized the behavior to represent a drug transaction because he had observed other persons within the Marcy Houses project engage in similar conduct, an exchange of money and a hand slap, in what proved to be such transactions. When the officer approached the two persons, one of them, not defendant, spotted the officer, ran into the lobby and “slammed” the door. The officer inquired of defendant, whose hands were “clenched,” as to what he was holding. Defendant opened his right hand to reveal two vials which the officer recognized to be containers typical of those used in the area in the sale of cocaine.
*21 At the very least, the circumstances justified the officer’s initial approach to defendant and the subsequent inquiry. In evaluating the evidence of a street-level narcotics transaction, “the emphasis should not be narrowly focused on a recognizable drug package or any other single factor, but on an evaluation of the totality of the circumstances, which takes into account the realities of everyday life unfolding before a trained officer” (People v Hoover, 236 AD2d 626, 628 [1997] [internal quotation marks and citations omitted]). As such sales “typically involve small, easily concealable packages, utilization of a totality of the circumstances analysis is both reasonable and necessary” (People v Graham, 211 AD2d 55, 59 [1995]). Indeed, persons engaging in street-level narcotics transactions “should not enjoy an immunity from arrest or search merely because they are able to conceal their wares during the exchange [as] concealment is itself a common characteristic of illegal conduct” (id.; see also People v Thompson, 4 Misc 3d 126[A], 2004 NY Slip Op 50611[U] [App Term, 9th & 10th Jud Dists 2004], citing People v Jones, 90 NY2d 835, 837 [1997]). The facts that, upon the officer’s approach, defendant appeared to be holding something in one or the other of his clenched fists, and that the other participant in the transaction exhibited the sort of furtive behavior considered a factor in rendering incriminating otherwise equivocal behavior (e.g. People v McRay, 51 NY2d 594, 604 [1980]; People v Oeller, 191 AD2d 355, 356 [1993], affd 82 NY2d 774 [1993]), justified the request that defendant display what he held. When the officer determined that defendant possessed vials of crack cocaine, defendant’s subsequent arrest was lawful (see People v Soto, 28 AD3d 264 [2006]).
Accordingly, the judgment of conviction is affirmed.
Weston Patterson, J.P, Golia and Steinhardt, JJ., concur.