THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRY L. ROBINSON, Appellant. [58 NYS3d 780]—

Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered November 4, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), based upon the recovery of a revolver from a bush near the location where defendant was detained by police officers. We reject defendant's contention that Supreme Court erred in refusing to suppress his statement as the alleged fruit of an illegal detention not supported by a reasonable suspicion of criminality. An officer testified that he observed defendant repeatedly grabbing at his waistband (*see People v Benjamin*, 51 NY2d 267, 271 [1980]; *People v Rivera*, 286 AD2d 235, 235-236 [2001], *lv denied* 97 NY2d 760 [2002]). The officer also observed defendant remove an object from his waistband and place the object in a bush when he saw a marked patrol car ap-

proach, and then return the item to his waistband after the patrol car passed (*see generally People v Meredith*, 201 AD2d 674, 674-675 [1994], *lv denied* 83 NY2d 1005 [1994]). The officer thereafter observed defendant remove the object from his waistband and hide it in the bush a second time when a second marked patrol car turned onto the street where defendant was standing. We conclude that the evidence thus supports the court's determination that defendant's conduct gave rise to a reasonable suspicion that he was in possession of illegal contraband, most likely a weapon (*see People v Roots*, 13 AD3d 886, 887 [2004], *lv denied* 4 NY3d 890 [2005]).

The evidence also supports the court's determination that defendant's act of discarding the weapon in the bush before the officers detained him constituted an abandonment, i.e., a strategic, calculated decision not made in response to any police illegality (*see People v Johnson*, 111 AD3d 469, 470 [2013], *lv denied* 22 NY3d 1157 [2014]; *People v Morris*, 105 AD3d 1075, 1077-1078 [2013], *lv denied* 22 NY3d 1042 [2013]). Thus, the court also properly refused to suppress the weapon.

Finally, in light of defendant's resentencing, we do not consider his challenge to the severity of his original sentence, and we dismiss the appeal from the judgment to that extent (*see People v Williams*, 136 AD3d 1280, 1284 [2016], *lv denied* 27 NY3d 1141 [2016], 29 NY3d 954 [2017]). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.